over with him. Other riggers had frequently used this ladder for the purpose of ascending and descending from the girder.

The fact that plaintiff was standing near the ladder, which was upright, was asked to come down, and was soon seen to be falling to the floor, and the ladder was found bent, raises a fair inference that the bending of the ladder had something to do with his fall. No one saw him upon the ladder, but it is evident that his attempting to descend upon the ladder caused it to bend over, or that, in falling, he grabbed the ladder and caused it to bend. He was an experienced man, engaged in his ordinary business, and, while the ladder had been used by himself and various employés for a long time, it is evident that it was not then able to sustain the weight of the intestate as it came upon it. He weighed about 218 pounds.

It cannot be said as a matter of law that the intestate had no right to use this ladder, or was guilty of contributory negligence which contributed to his death. The action is under the employer's liability act, and I think it was a fair question of fact whether the ladder was proper and sufficient for the purposes for which it was permitted to be used, and whether the intestate met his death by reason of the negligence of the defendant in maintaining the ladder in the condition in which it was.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

CUMMING v. MIDDLETOWN, U. & W. G. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. TRUSTS (§ 366*)—ENFORCEMENT—PARTIES.

The rule that trustees cannot act separately, but must join in actions to enforce the trust, does not apply when a cotrustee has taken a position hostile to his trust, in which case he may be made a party defendant, without having been requested to join as plaintiff.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 366.*]

2. MORTGAGES (§ 430*)—FORECLOSURE—PARTIES.

A complaint in an action by one of two trustees under a mortgage executed by a corporation to secure its bonds to foreclose the mortgage, which alleges that the cotrustee, made a defendant, is a director of the corporation, shows plaintiff's right to sue alone, notwithstanding Code Civ. Proc. § 448, requiring those united in interest to join as parties.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 430.*]

Appeal from Special Term, Orange County.

Action by George M. Cumming, trustee, against the Middletown, Unionville & Water Gap Railroad Company and others. From an order for judgment on the pleadings, with leave to defendant named to answer, it appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John Bright, for appellant.

Achilles H. Kohn (Benjamin F. Wollman, on the brief), for respondent.

CARR, J.  The plaintiff is one of two trustees under a mortgage executed and delivered by the defendant, the Middletown, Unionville & Water Gap Railroad Company, as security for a series of bonds amounting in all to the sum of $250,000.  The bonds and the trust mortgage became finally due on December 1, 1910, and no part of the moneys secured by the said mortgage and bonds has been paid.  This action has been brought by the plaintiff alone, in his own name as trustee, to foreclose the mortgage.  The cotrustee, one John G. McCullough, is not a party plaintiff, but has been made a party defendant.  The mortgagor defendant has demurred to the complaint, on the ground that there is a defect of parties plaintiff, in that the cotrustee, McCullough, has not been joined as a plaintiff.  A motion was made by the plaintiff for judgment on the pleadings, on the ground that the demurrer was insufficient.  This motion was granted, but with leave to the demurring defendant to withdraw the demurrer and to answer the complaint.  From an order entered accordingly, the defendant mortgagor now appeals.

The question of law involved arises under section 448 of the Code of Civil Procedure, which provides in part as follows:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, except as otherwise expressly prescribed in this act.  But if the consent of any one, who ought to be joined as a plaintiff, cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint."

· The plaintiff herein alleges in his complaint that the reason why the cotrustee, McCullough, was made a party defendant is that said trustee is a director of the defendant mortgagor company, and that thereby he is not qualified to represent the bondholders in an action to enforce their obligations against his company.  There is no allegation that McCullough was requested to be a party plaintiff and that he refused his consent.

[1] It is the ordinary rule of law that trustees cannot act separately and that all must unite, as they constitute in law but one person and must join in bringing the action.  Thatcher v. Candee, *42 N. Y. 157, 159.  This rule is subject to exceptions.  Where a cotrustee has taken a position hostile to his trust, it is not necessary that he should join in an action to enforce the trust; and because of such hostility he may be made a party defendant, even without having been requested to join in the action as a party plaintiff.  Wallach v. Dryfoos, 140 App. Div. 438, 125 N. Y. Supp. 305.

[2] The complaint herein does not allege that the cotrustee, McCullough, has openly taken a position of hostility to the enforcement of the mortgage; but it does allege that McCullough has dual interests in the subject-matter of the action which are not harmonious, but are in many respects adverse, and hence he is disqualified to act as a plaintiff in this action.  So far as the plaintiff and McCullough are

trustees of the mortgage for the benefit of the bondholders, they are "united in interest." But McCullough, being a director of a defendant corporation against which it is sought to enforce the mortgage, has another interest in which the plaintiff trustee. is not united, but which interest is adverse .to that in behalf of which the action is sought to be maintained. It is not the intention of section 448 of the Code of Civil Procedure that under such circumstances he must be joined as a party plaintiff, unless he refuses his consent to be a plaintiff. The duty of the trustees of the mortgage in question is not merely to bring an action to enforce the mortgage, but likewise to prosecute it speedily and intelligently to judgment, and solely with an eye to the interest of the bondholders, who are the real parties in interest. To perform such duty, it is necessary that the party plaintiff should be the master of the action, with no interest in any way adverse, hostile, or out of harmony with the interest of the bondholders.

Under the circumstances of this case, the plaintiff was not obliged to request his cotrustees to join with him as a plaintiff; in fact, a proper performance of his duty would require him to refrain from so doing, in order to avoid the possibility of such conduct of the case as might hamper or delay or circumvent the proper enforcement of the rights of the bondholders. Any construction of section 448 of the Code of Civil Procedure which would work out a contrary result would sacrifice the intent and spirit of the statute to the mere letter thereof.

The order should be affirmed, with $10 costs and disbursements, but with leave to the appellant to withdraw its demurrer and to answer the complaint within 20 days, on payment of the costs fixed in the order appealed from. All concur.