In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to Lands Required for the Purpose of Opening West Farms Road in the Borough of The Bronx.

MARY C. C. CLARK, as Administratrix of the Estate of THOMAS S. RYAN, Appellant; WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, et al., Respondents.

Real property — conveyance of lands adjacent to navigable waters — presumptions of title running to center of stream — deed examined and held to convey only to bank of stream.

1. While it is established that a conveyance bounded by and on a stream will be construed and will be regarded as running to the center of the stream on the theory that it could not be anticipated that a grantor would desire to retain title to the bed of the stream between the shore and the center line thereof when he had conveyed the abutting uplands, it is equally well established that a grantor may so definitely and specifically bound his conveyance by the bank

of the stream that no process of interpretation will carry title to the center thereof.

2. A deed conveyed land located in an angle formed by Westchester creek, a navigable stream, and a channel, or slip, extending therefrom. The courses which establish the boundaries of the parcel, on or in connection with the creek, commence at "a point marked on the causeway *by* Westchester Creek," and run thence toward the angle formed by the creek and slip and thence by or along the slip to a point whence they turn to the place of beginning. The courses to the angle formed by the slip are "by and with Westchester creek and *a certain stone wall*," and "along by said Westchester creek and by said wall," and these courses, fixed in part by the wall concededly standing on the bank of the creek, can only be run on such bank where the wall stands. *Held*, on examination of the language of the conveyance, together with a map of the premises, that these boundary lines along the creek and the slip were intended to be and were run along the bank, thereby excluding the bed of the stream, so that, under the deed in question, the title did not extend to the middle of the stream and include the land under the waters thereof.

3. The easements of the owner of the upland in question in the adjacent lands under water are extinguished when, in condemnation proceedings instituted by a municipal corporation, the title to both the uplands and the lands under water has been acquired by the municipality and it must be assumed that the award to such upland owner included compensation for the destruction of the easements in the land under water.

*Matter of City of New York (West Farms Road)*, 161 App. Div. 530, affirmed.

(Argued April 16, 1914; decided July 14, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1914, which reversed an order of Special Term directing that certain awards made to unknown owners in condemnation proceedings be paid to petitioner and directed that said awards be paid to the city of New York.

The facts, so far as material, are stated in the opinion.

*Benjamin Trapnell* for appellant. Neither the original patentees of the lands in question from Governor Nicoll,

nor their successors, the trustees of the town of West-
chester, held such lands in any governmental capacity;
they held the same in their corporate capacity, as repre-
sentatives of the freeholders of the town, and not in a
political capacity as representatives of the sovereign and
trustees for the public; and their deed to the appellant's
testator is to be construed accordingly. (*Matter of
Mayor, etc.*, 182 N. Y. 361; *Town of Westchester* v.
*Davis*, 7 Hun, 647; *Matter of City of New York*, 168
N. Y. 123; *People ex rel. Loomis* v. *Town Auditors*, 75
N. Y. 316; *People ex rel. M. B. Railway Co.* v. *Town*,
84 N. Y. 565.) The grant to the trustees of the town of
Westchester or to their predecessors, in their corporate
capacity, included all the land lying in the bed of West-
chester creek within the boundaries designated in the
Nicoll patent. (*Lewis* v. *City of Utica*, 159 App. Div.
160.) The deed from the trustees of the town of West-
chester to the testator of the appellant conveyed not only
the upland parcel, No. 234, but also the land under water
in parcels 235 and 236, of which they were seized in
their corporate capacity as representatives of the free-
holders of the town. (*Smith* v. *Bartlett*, 180 N. Y.
360; *Paige* v. *Schenectady Ry. Co.*, 178 N. Y. 102;
*Matter of Jerome Ave.*, 120 App. Div. 297.) The deed
to Ryan was clearly sufficient to convey parcel 236,
which was not a part of the navigable channel. (*White*
v. *Nassau Trust Co.*, 168 N. Y. 149.) The whole
beneficial interest in parcels 235 and 236 being in the
owner of the upland parcel 234, in any event he is *prima
facie* entitled to receive the awards made for such par-
cels; when the city as owner of the naked fee therein
claims a substantial share of the awards, it assumes the
burden of showing what the commissioners have deter-
mined to be the value of such fee, and it has made no
attempt to sustain such burden in the case at bar.
(*Yates* v. *Milwaukee*, 10 Wall. 497; *Matter of McClellan*,
146 App. Div. 594; 204 N. Y. 677; *Langdon* v. *Mayor*,

*etc.*, 93 N. Y. 129; *Town of Brookhaven* v. *Smith*, 188 N. Y. 74; *Matter of Bd. of Street Opening*, 27 App. Div. 265; *Matter of St. Nicholas Terrace*, 76 Hun, 209; *Matter of Taber*, 91 App. Div. 612; *F., etc., Co.* v. *State*, 200 N. Y. 400; *Matter of City of Buffalo*, 189 N. Y. 163.)

*Frank L. Polk, Corporation Counsel* (*Joel J. Squier, L. Howell La Motte* and *George E. Draper* of counsel), for respondents. When title vested in re West Farms road, the fee to damage parcels Nos. 235 and 236 was in the city of New York, as the successor to the town of Westchester. The referee erred in finding that the deed from the trustees of the town of Westchester to Thomas S. Ryan, dated August 14, 1878, conveyed these damage parcels. (*North Hempstead* v. *Hempstead*, 2 Wend. 109; *Lawrence* v. *Hempstead*, 155 N. Y. 297; *Town of Southampton* v. *Mecox Bay Oyster Co.*, 116 N. Y. 5; *People ex rel. Howell* v. *Jessup*, 160 N. Y. 249; *Delancey* v. *Piepgrass*, 138 N. Y. 26; *Matter of Mayor, etc., of N. Y.*, 182 N. Y. 3; *Trustees of Brook Haven* v. *Strong*, 60 N. Y. 56; *Sage* v. *Mayor of N. Y.*, 154 N. Y. 61; *Matter of Mayor, etc., of N. Y.* v. *Hart*, 95 N. Y. 443; *Smith* v. *Bartlett*, 180 N. Y. 366; *Archibald* v. *N. Y. C. & H. R. R. R. Co.*, 157 N. Y. 574.) The award of $35,046.35 principal and $9,053.64 interest made by the commissioners for damage parcel No. 234 includes the value of all rights appurtenant thereto in, under or over the waters of Westchester creek or the lands under the waters of Westchester creek. (*Sage* v. *Mayor, etc.*, 154 N. Y. 70; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *Matter of City of New York*, 168 N. Y. 134; *Pegram* v. *N. Y. El. R. R. Co.*, 147 N. Y. 135; *Western Union Tel. Co.* v. *Sheppard*, 169 N. Y. 170.) The awards made by the commissioners of estimate and assessment for damage parcels Nos. 235 and 236 are for the value of the interest of the fee owner thereof, which is the city of New York. (*De Peyster* v. *Mali*, 92 N. Y. 261; *Matter of Decatur*

*Street,* 196 N. Y. 286; *Matter of Schneider,* 199 N. Y. 581.)

HISCOCK, J.  As its title indicates, the general proceeding in which the particular application now before us arose was instituted by the city of New York to acquire title to lands necessary for the purpose of opening a street.  Three parcels of land are especially involved which have come to be known respectively as damage parcels Nos. 234, 235 and 236.  In the original proceeding a substantial award for No. 234 was made to one Ryan who was the conceded owner thereof.  Awards were made for the other two parcels to "unknown owners," and the petitioner is seeking to have such awards now paid to her as the representative of Mr. Ryan who she alleges was the owner of said premises. The Special Term granted her application but the Appellate Division reversed this determination and directed that the same be paid to the city of New York as owner.

At the locality in question an angle is formed by the waters of Westchester creek proper and a channel or slip extending therefrom.  These waters are both tidal and navigable.  Parcel No. 234 concededly extended to the bank of the creek on one side and to the bank of the aforesaid channel or slip on the other, and the other parcels lie adjacent thereto respectively in the bed of the creek and of the slip.  The petitioner's contention, which was sustained by the Special Term, is that the deed to her testator of parcel No. 234 so bounded the same "along" and "by" the creek and slip that in accordance with well-established principles of law the title extended to the middle line of these streams and included said other parcels.

While the Appellate Division assumed that the terms of the conveyance of parcel No. 234 to Ryan were such that in the case of a private grantor they would carry title to the middle of the stream and include said parcels,

it reached the conclusion that the rules of construction which would apply to a conveyance by such a private grantor were not applicable in this case.

All of these premises, including the bed of the stream, were part of a tract of land conveyed by Governor Nicoll to John Quimby and others for and in behalf of the ancient town of Westchester and the title to Mr. Ryan of parcel No. 234 came from said town.   The Appellate Division entertained the view that the town acquired title to the bed of the creek in its governmental capacity and charged with the duty of holding it for public purposes especially of commerce, and that under such circumstances it would not be assumed or held that a conveyance by the town of uplands merely bounded by or along the stream was intended to carry title to the center of such stream.   (*Matter of Mayor, etc., of N. Y.*, 182 N. Y. 361.)   Such construction of the Ryan conveyance excluded said parcels Nos. 235 and 236, and inasmuch as the city of New York had succeeded to any title remaining in the town of Westchester, it was held that it was the owner in fee of said parcels and entitled to the awards therefor.

The question thus defined by the claims of the petitioner and by the opposing views of the courts below and which has been elaborately argued before us would not only be interesting but surrounded by some difficulties of decision if actually presented.   I have reached the conclusion, however, that it is not presented.   It has only seemed to arise on the finding or presumption that parcel No. 234 was bounded by the creek in terms which under ordinary circumstances would carry title to the center thereof.

While it has been abundantly established that a conveyance bounded by or on a stream will be construed and will be regarded as running to the center of the stream on the theory that it could not be anticipated that a grantor would desire to retain title to the bed of the

stream between the shore and the center line thereof when he had conveyed the abutting uplands, it is equally well established that a grantor may so definitely and specifically bound his conveyance by the bank of the stream that no process of interpretation will carry title to the center thereof. (*Smith* v. *City of Rochester*, 92 N. Y. 463, 479; *Gouverneur* v. *Nat. Ice Co.*, 134 N. Y. 355; *Smith* v. *Bartlett*, 180 N. Y. 360; *Fulton L., H. & P. Co.* v. *State of N. Y.*, 200 N. Y. 400, 404; *Starr* v. *Child*, 5 Denio, 599; *Halsey* v. *McCormick*, 13 N. Y. 296.)

The rule in this respect is the same as in the case of a conveyance of land abutting on a highway and bounded by the exterior line. (*Matter of City of N. Y.*, 209 N. Y. 344.)

It seems to me quite plain that the town of Westchester in its conveyance of parcel No. 234 did thus definitely make the bank of the creek the boundary, and, therefore, that there could be no extension of title by interpretation to the center of the stream even in the case of a private grantor.

The map of the damage parcels, the evidence and the briefs of counsel make it plain that in the locality in question there was a wall extending along the bank both of the creek proper and of the slip to the angle formed by the junction of these streams. There was also a causeway continuing an ancient road across the creek proper at a point immediately north of parcel, 234. With these facts in mind we pass to a consideration of the description of parcel No. 234 in the conveyance by the town of Westchester under which petitioner claims in behalf of the grantee Mr. Ryan. This description runs as follows: "Beginning at a point on the road leading from Westchester village to Throggs Neck at a marked stone thence running north eighty degrees and forty-five minutes east (N. 80° 45′ E.) along the said road or causeway (so called) fifty-five and one-half feet (55½ ft.) to a point on said causeway or road, thence running north eighty-five

degrees and thirty minutes east (N. 85° 30′ E.) forty-six and one-half feet (46½ ft.) to a point marked on the causeway by Westchester Creek, thence running along said Westchester Creek south four degrees and forty-five minutes east (S. 4° 45′ E.) twenty-four and one-quarter feet (24¼ ft.); thence by and with Westchester Creek and a certain stone wall sixteen and one-half feet (16½ ft.) thence still along by said Westchester Creek and by said wall south forty-four degrees E. (S. 44° E.) thirty-nine and one-quarter feet (39¼ ft.) to a slip, thence by and with said slip south eighty-five degrees and thirty minutes west (S. 85° 30′ W.) thirty feet (30 ft.), thence south sixty-seven and one-half degrees west eighteen and one-half feet (S. 67½° W. 18½ ft.) to a turn in the wall of the aforesaid mentioned slip, thence still along by said wall South eighty-five and one-half degrees West (S. 85½° W.) fifty feet (50 ft.) to the first above-mentioned road leading from the Town Dock thence along the easterly side of said road North six degrees East sixty-six feet (N. 60° E. 66 ft.) to a marked stone the point and place of beginning containing within said bounds fourteen-hundredths of an acre (14/100).''

The courses which establish the boundaries of this parcel No. 234 on or in connection with Westchester creek commence at '' a point marked on the causeway by Westchester Creek,'' and run thence toward the angle formed by the creek and slip and thence by or along the slip to a point whence they turn to the place of beginning. The '' point marked on the causeway by Westchester creek '' was not actually found or established for the purposes of this proceeding, and it will be assumed that it might either be on the bank or in the center of the stream. While the location of a point '' by '' a creek would naturally indicate that it is on the bank of rather than in the middle of the stream, it doubtless is true that sometimes a monument located on the side of a stream does not prevent a boundary thereby marked from extending

in or to the center of the stream. (*Fulton L., H. & P. Co.* v. *State of N. Y., supra*, p. 416-7.) Likewise standing by itself the next course "running along said Westchester Creek" might be located in the center of the stream. But the following courses to the angle formed by the slip are "by and with Westchester creek and *a certain stone wall*," and "along by said Westchester creek and by said wall," and these courses fixed in part by the wall concededly standing on the bank of the creek can only be run on such bank where the wall stands and cannot by any reasonable interpretation be located in the center of the stream. Not only are these last courses by such reference to the wall themselves located along said bank but by fair implication they result in locating the preceding and first course of the same boundary line on such bank rather than in the center of the creek. While as has been said, the starting point and the first course considered by themselves might find a justifiable location in the center of the creek, it is not to be assumed that a grantor in running the boundary line on one side of a parcel which he was conveying without some special reason would locate one part of such line in the center of the stream and the balance of it on the bank. Moreover, as indicated by the damage map, even if such a process had been pursued the last courses referred to would be moved to the bank of the stream in time to exclude parcel 235, that being the one lying in the main channel of the creek.

In like manner when we turn the angle formed by the creek and slip and follow the boundary line extended along the latter, we find terms of description which in my judgment fix the boundary on that side of the premises on the bank rather than in the center of the stream. The first course after leaving the angle is "by and with said slip," and which by itself might mean the center of the slip. Then follow the remaining courses "to a turn in the wall of the aforementioned slip; thence still along by

said wall." It seems to me that the course which runs to a "turn in the wall," and thence "still along by said wall," fairly implies that the preceding course, indefinite perhaps by its own terms, was run along said wall. The boundary could not continue "still" to follow said wall unless it had already been so doing.

If I am right that these boundary lines on the creek and the slip were intended to be and were run along the bank, the result of said location beyond any doubt excludes the bed of the stream and the parcels located in it.

There remains to be considered one other contention made in behalf of the petitioner and which is based on the theory which I have adopted, that parcel No. 234 was bounded by the bank and not by the center of the creek. It is urged that even so the owner of such parcel as an upland owner had riparian rights and privileges in and to the stream to which parcels 235 and 236 were servient and that by reason of said easements the petitioner is entitled to part at least of the awards made for said parcels. It may be conceded that the upland owner would have such easements and that if the proceeding instituted by the city had related simply to the condemnation of the two parcels lying in the bed of the stream, it would have been the duty of the commissioners to make some award to the upland owner for the easements and privileges which would be destroyed or impaired by taking the other parcels. That, however, is not the situation. The proceeding sought and resulted in the condemnation not only of the parcels lying in the bed of the stream but of the upland parcel, and the award on condemnation of the upland parcel would naturally include any damages or compensation for the destruction of the easements and privileges which were appurtenant to such parcel and incident to the ownership thereof. If this has been done, the petitioner is not entitled to any part of the award now made for the parcels lying in the stream.

There is no direct evidence to indicate whether the award for parcel No. 234 did include damages for the destruction of easements, but I think that for the purposes of this appeal we must assume that it did. The petitioner is seeking to get in whole or part the award made for the secondary parcels and the burden rests on her to show that she is entitled thereto. We are holding that the owner of the upland parcel did not have title to the secondary parcels but had easements extending thereover, and I suppose, in the absence of evidence to the contrary, it would be our duty to assume that in making the award for the upland parcel the commissioners did it on the correct theory that easements were being destroyed for which compensation should be made, rather than on the theory that the owner of the upland parcel was also the owner of the other parcels. But in addition to this assumption it seems to me that there is a fact which indicates that the award to the owner of parcel 234 must have been made on the theory that he did not own the other parcels but would have easements and privileges extending thereover. As has already been stated, the awards for these latter parcels were made to " unknown owners," which I assume would not have been done if it had been decided that the same person who owned parcel No. 234 also owned the other parcels. The awards having been made on this theory it is safe to presume that the commissioners awarded, as was their duty, damages for any easements appurtenant to parcel No. 234 extending over the other parcels, ownership of which did not rest in the same person who owned the upland parcel.

For these reasons I think the order appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment affirmed.