### ANDREWS v. KIRK et al.

(Supreme Court, Special Term, New York County. July 24, 1916.)

1. TRUSTS ☞239—POWER OF SALE—EXERCISE—CONCURRENCE OF TRUSTEES.

Where testator gives a power of sale to his trustees, it is necessary for all of them to join in its execution, and it cannot be exercised against the objection of the beneficiary for life, who is one of them.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 346; Dec. Dig. ☞239.]

2. PARTITION ☞46(1)—PARTIES—TESTAMENTARY TRUSTEE.

One of decedent's testamentary trustees, who was also a life beneficiary, was a necessary party to an action for partition by a trustee, the right to bring an action to partition the property depending upon the concurrence of all the trustees, when brought by decedent's representatives.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 114; Dec. Dig. ☞46(1).]

Action by James B. Andrews, as testamentary trustee under the last will and testament of William P. Kirk, deceased, against Annie L. Kirk, individually and as testamentary trustee under the last will and testament of William P. Kirk, deceased, and others. On motion by plaintiff for judgment upon the pleadings. Motion granted.

Harold Swain, of New York City (Hamilton C. Rickaby, of New York City, of counsel), for the motion.

Charles H. Beckett, of New York City (Edwin C. Mulligan, of New York City, of counsel), opposed.

GIEGERICH, J. The action is for partition. The defendant Florence Kirk demurs to the complaint on the grounds: (1) That there is a defect of parties plaintiff, in that Annie L. Kirk, as one of the testamentary trustees of and under the last will and testament of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William P. Kirk, deceased, has not been joined as a party plaintiff, and no reason or excuse is stated for the failure so to do; and (2) that the complaint does not state facts sufficient to constitute a cause of action. The defendant Florence Kirk has brought on this motion for judgment on the pleadings dismissing the complaint.

It appears from the complaint that the defendant Annie L. Kirk is one of the testamentary trustees under the will of the decedent, and is also a beneficiary for life of the income of one-third of the property forming the corpus of the trust and now sought to be partitioned. Her interest as such beneficiary is necessarily in many ways adverse to the interests of the remaindermen, and she may well be opposed to the maintenance of an action of partition because a sale of the property and an investment of the proceeds might reduce her income, although it might be for the best interests of the remaindermen. Hence plaintiff contends that she could not properly be a party plaintiff as cotrustee, and that it is therefore unnecessary to show that she has refused to consent to join in the action as such. The principle thus invoked would undoubtedly apply in a proper case (Cumming v. Middletown, etc., R. R., 147 App. Div. 105, 131 N. Y. Supp. 710); but it does not seem to me that it applies to such a case as the present.

[1, 2] The testator must be assumed to have known that the interests of the beneficiary for life might conflict with the interests of the remaindermen. Nevertheless he appointed her as one of the trustees under his will. He gave no power of sale; but, if he had given such a power to his trustees, it would have been necessary for all of them to join in its execution, and it could not have been exercised against the objection of the beneficiary for life, who was one of them. Equally, it seems to me, the right to bring an action to partition the property ought to depend upon the concurrence of all the trustees, when the action is brought by representatives of the decedent.

Motion for judgment upon the pleadings granted, with $10 costs. Order signed.