West Tenth Street Realty Corporation is the owner of a parcel of land bounded on the south by the Atlantic ocean. The city of New York instituted proceedings to acquire title for a public beach along the Coney Island ocean front. Claimant's land has a frontage on the ocean of 150 feet and is situate immediately east of the Feltman land involved in Matter of City of New York
(Feltman) (256 N.Y. 156).
All the questions involved on this appeal except one have been resolved in favor of the claimant in an opinion by Judge O'BRIEN in Matter of City of New York (Realty Associates) (256 N.Y. 217), decided herewith. In that case the claimant was the owner of upland and land under water. *Page 225 
The deed to claimant of the land involved on this appeal bounds the same on the south by the Atlantic ocean. The question as to whether such description covers land submerged by avulsion prior to the date of claimant's deed is not passed upon in the opinion of Judge O'BRIEN. That is the only surviving question. The Special Term decided that the claimant was not the owner of such submerged land. The Appellate Division held that the decision "was correct upon the basis that the land for which claim is made was lost and not claimed or regained prior to this proceeding."
Claimant proved title running back to the town of Gravesend. The title of the town of Gravesend extended to the high-water mark of the ocean. (Matter of City of New York [Feltman],supra.)
Claimant's title originates in two proceedings in eminent domain brought by the New York and Sea Beach Railroad Company in 1877 and 1880 respectively to acquire title "to land now of the Town of Gravesend." Part of the land involved was described as extending "to the Atlantic Ocean;" the other part "to Atlantic Ocean, thence westerly along the high-water line of said ocean."
In a mortgage executed by the railroad company on September 1st, 1885, the land was conveyed by an omnibus description which covered all its real and personal property and all riparian and other rights whatsoever with the appurtenances. That mortgage was foreclosed, and the referee's deed followed the description in the condemnation orders "with the appurtenances." The railroad company conveyed the land in question to the Sea Beach Land Company by a description which read in part "west to the Atlantic Ocean, thence easterly along the Atlantic Ocean." The Sea Beach Land Company conveyed to claimant by the same description,i.e., to the Atlantic ocean, thence easterly along the Atlantic ocean. *Page 226 
In June, 1893, the high-water line of the ocean was about 1,350 feet south of Surf avenue and about 450 feet south of the taking line. The land between the taking line and the high-water line in 1893 was submerged by avulsion. The premises in question consist of the submerged land between the high-water line as it was in 1893 and at the time of taking, consisting of a parcel about 150 feet wide and 450 feet long.
The high-water line at the date of claimant's deed was substantially the same as the taking line. If the claimant is the owner of the submerged land in question, it is by implication as the description in its deed only extends to high-water mark, which at the time was located at about the taking line. The position of the city is that the rights of the plaintiff are limited by the strict and literal language of the deed, and that its title extends only to the high-water line as it existed at the date of its deed.
The presumption is that a grantor does not intend to retain the fee of the soil under water contiguous to the land conveyed but such presumption may be overcome by the use of words in describing the premises conveyed which clearly indicate an intent not to convey the soil under the water.
It will, however, be presumed in the absence of a clearly expressed intent to the contrary that a grantor does not intend to retain the fee of the soil under the water where he has conveyed all of his interest in the upland adjoining it. It will be presumed that he intended to convey all he owned. (Johnson
v. Grenell, 188 N.Y. 407; Smith v. Bartlett, 180 N.Y. 360;Archibald v. N.Y.C. H.R.R.R. Co., 157 N.Y. 574.)
In Stewart v. Turney (237 N.Y. 117, 121) it is said: "In deeds from an individual owning to the center of a highway or a non-tidal stream or a lake or pond of land said to be bounded by such highway, stream or lake or simply of a tract with reference to a map showing the tract to be so bounded, the grantee takes title to the center *Page 227 
of the highway or to the thread of the stream or lake. A presumption founded originally upon the assumed intent of the parties it has now become a rule of property. If the grantor desires to retain his title to the land in the highway or underneath the water the presumption must be negatived by express words or by such a description as clearly excludes it from the land conveyed."
The principle stated applies to land bounded by waters where the tide ebbs and flows. (Smith v. Bartlett, supra; Matter ofCity of New York [West Farms Road], 161 App. Div. 530; affd.,212 N.Y. 325.)
The presumption that claimant's grantor intended to convey all the land which it owned including land under water is strengthened by the fact that its deed to claimant recited "being the same premises conveyed to the party of the first part by deed dated September 1st, 1896, and recorded in the office of the Register of the County of Kings on December 1st, 1896, in Liber 3 of Conveyances, page 185, Section 21." (Ousby v. Jones,73 N.Y. 621; Berstein v. Nealis, 144 N.Y. 347; Butler v.Clark, 66 Hun, 444.)
The conclusion which we have reached that the claimant is the owner of the submerged land to the line of high water as it existed in 1893 is not affected by the clause in the deed to it, "subject, also, to state of facts shown on survey made by Charles S. Voorhies, dated, Dec. 15th, 1919." That survey was not introduced in evidence, and there is nothing in evidence to indicate in any way that claimant's deed conveyed less land than indicated by the description.
The order of the Appellate Division should be reversed, with costs in all courts, and the matter remitted to the Special Term to proceed in accordance with this opinion.
CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.
Order reversed, etc. *Page 228