MINNIE FINGERHUT, Appellant, v. HARRY FINGERHUT, Respondent.— Order in so far as it denies motion for alimony *pendente lite* and counsel fee affirmed, without costs. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

NATHAN GERSHICK, Appellant, v. WILLIAM BRANDRISS, Respondent.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. The court was not warranted in dismissing the case before plaintiff had rested. Plaintiff's credibility in any event would be a question for the jury. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

SAMUEL GREENSTEIN, Respondent, v. ANNA GREENSTEIN, Appellant.— Judgments and order unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

MAX HIRSCH, Appellant, v. 66–74 COURT STREET REALTY CORPORATION and Others, Defendants, and STANPHILL HOLDING Co., INC., Respondent.— Order granting respondent's motion to open default reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The default was willful and no reasonable excuse was presented therefor. Moreover, the proposed answer is insufficient in law. (*Title Guarantee & T. Co.* v. *457 Schenectady Ave., Inc., ante,* p. 509; *Commonwealth Mortgage Co.* v. *De Waltoff,* 135 App. Div. 33, 34; *Ettlinger* v. *P. R. & C. Co.,* 142 N. Y. 189; *Cumming* v. *Middletown, Unionville & W. G. R. R. Co.,* 147 App. Div. 105.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of the Application and Petition of THE CITY OF NEW YORK, Respondent, to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake, in the Town of Yorktown, Westchester County, New York, under the Greater New York Charter and Pursuant to Chapter 543 of the Laws of 1925,* to Be Acquired for the Sanitary Protection of the Water Supply of the City of New York. JAMES J. MEAD, Individually and as General Guardian of ELEANOR ELIZABETH CORNWELL, Infant, etc., and Others, Appellants.— Order of the Special Term in so far as appealed from reversed on the law and the facts, with costs, and the matter remitted to the Special Term to pass upon the propriety of the awards of the commissioners for parcel F, made on the theory that the claimants own the land under water. The deed (Exhibit C) vests in the claimants the title not only to the uplands but to the land in the bed of the lake perforce the language therein which conforms the description in that deed to the description of the corresponding parcel contained in the deed of April 4, 1814 — Exhibit T. (*Matter of City of N. Y. [W. 10th St. R. Corp.],* 256 N. Y. 222, 226, 227; *Butler* v. *Clark,* 66 Hun, 444.) This view is reinforced by the later reference in the appurtenance clause to the "above described premises," which reference concerned not only the description by metes and bounds but also included the reference to the 1814 deed and the particular description contained therein. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.