SILVIA G. PARKER, as Executrix of KINGDON GOULD, Deceased, Plaintiff, *v.* FURLOW DEVELOPMENT COMPANY, Defendant.

Supreme Court, Special Term, New York County, January 23, 1948.

*Montrose H. Massler* for plaintiff.

*Emanuel Becker* for defendant.

STEUER, J. The motion to dismiss the complaint is made upon two grounds both of which require discussion. The action is by one of three executors of the late Kingdon Gould. The complaint alleges that the deceased " advanced " to defendant corporation a certain sum of money and it seeks the recovery of that sum. The question is what is meant by " advance " in the sense that it is used in the complaint. The word has had judicial definition in the construction of wills (*Matter of Altman,* 6 N. Y. S. 2d 972; *Matter of Moran,* 136 Misc. 615). But there the inquiry was what the testator meant under the circumstances prevailing in the particular situation. The resulting definitions do not purport to be absolute and they have not been uniform. Plaintiff argues that her intent is to plead a loan payable upon demand. If this is the intent it would be simple to plead in conventional terms instead of employing an expression that is subject to varying interpretations. The complaint is accordingly dismissed with leave to serve an amended complaint.

The second objection is that plaintiff is but one of three executors and though she alleges that the other two have been requested to join as plaintiffs they have refused. Defendant claims that she alone has no power to sue. There is no statutory direction to this effect and the extent of judicial determination is that except in ministerial matters one executor cannot act for his coexecutors (*Matter of George Ringler & Co.,* 70 Misc. 576; *Fritz* v. *City Trust Co.,* 72 App. Div. 532). The will under which plaintiff and her coexecutors are acting disposes of all the capital stock of defendant corporation. It passes to one of the executors, provided he survives his mother. If the corporation does not have to repay the money he stands to gain considerably. This refusal to join in the proceeding is understandable. The third executrix refuses to participate in what bids fair to be a family quarrel. The attitude of these two cannot defeat the purposes of the action (*Cumming* v. *Middletown, Unionville & Water Gap R. R. Co.,* 147 App. Div. 105). The other executors are nonresidents and while they may voluntarily appear and either join in the prosecution or the defense their participation cannot be compelled. Conversely their absence will not prevent the orderly progress of the suit.

Complaint dismissed with leave to serve an amended complaint on or before February 3, 1948.