# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1422**
**CA 13-02001**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

DAVID H. KERNAN, KATHARINE H. KERNAN, EDWARD W.
KERNAN, WILLIAM KERNAN, JR., ANGELA K. WISLER
AND WARNICK J. KERNAN, PLAINTIFFS-RESPONDENTS,

                      V                              MEMORANDUM AND ORDER

TRAJANKA WILLIAMS, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (STEPHEN W. GEBO OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Jefferson County
(Hugh A. Gilbert, J.), entered February 19, 2013. The judgment
declared the rights of the parties with respect to certain underwater
land in North Bay.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the first decretal
paragraph and the phrase "interference with the plaintiffs' ownership
rights" in the third decretal paragraph and as modified the judgment
is affirmed without costs in accordance with the following Memorandum:
Plaintiffs commenced this action pursuant to RPAPL article 15 seeking,
inter alia, a declaration that plaintiffs own the underwater land in
North Bay, as owners of the adjacent upland property on Carleton
Island in the Town of Cape Vincent. According to plaintiffs,
defendant improperly directed them to remove a water pipe that was
allegedly intruding on defendant's underwater land in North Bay
inasmuch as the quitclaim deed purporting to grant defendant ownership
to the underwater property in North Bay and South Bay is a nullity.
Plaintiffs thereafter moved for summary judgment, seeking a
declaration that defendant has no ownership interest in any underwater
land in North Bay or South Bay, and seeking to enjoin defendant from
entering plaintiffs' property. Supreme Court granted plaintiffs'
motion and denied as moot defendant's cross motion, in which defendant
sought to add necessary parties pursuant to CPLR 1001. This appeal by
defendant ensued.

We reject defendant's contention that the court erred in granting
plaintiffs' motion, although we note that the court granted relief to
plaintiffs beyond that requested in their motion papers by concluding

that plaintiffs owned the underwater land adjacent to their upland in North Bay.  Indeed, plaintiffs expressly stated in support of their motion that "[t]hey do not seek, or need, any determination by the Court of the extent of their underwater rights or where they might end."  We therefore modify the judgment by vacating the first decretal paragraph and the phrase "interference with the plaintiffs' ownership rights" in the third decretal paragraph, so that such paragraph reads, "The conduct of defendant in denying plaintiffs the right to use underwater land in North Bay adjacent to the plaintiffs' adjoining upland property was and still is wrongful and unlawful."

Contrary to defendant's initial contention, the court properly considered the deeds submitted by plaintiffs in support of their motion.  All of those deeds, with the exception of defendant's own quitclaim deed, are more than 10 years old and therefore are "prima facie evidence of their contents" (CPLR 4522; see Bergstrom v McChesney, 92 AD3d 1125, 1126; Town of Skaneateles v Lang, 179 AD2d 1032, 1032).  With respect to defendant's quitclaim deed, plaintiffs' attorney swore to its authenticity (see generally Sloninski v Weston, 232 AD2d 913, 914, lv denied 89 NY2d 809, rearg denied 89 NY2d 1086), and defendant herself relies on that deed in opposition to plaintiffs' motion.

With respect to the merits, even with navigable waterways, "when land under water has been conveyed by the state to the owner of the adjacent uplands, the lands under water so conveyed become appurtenant to the uplands, and will pass by a conveyance of the latter without specific description" (Archibald v New York Cent. & Hudson Riv. R.R. Co., 157 NY 574, 579; see Matter of City of New York [W. 10th St. Realty Corp.], 256 NY 222, 224-226; Smith v Bartlett, 180 NY 360, 362, 366).  Here, regardless of whether title to the underwater land merges and passes with title to adjacent uplands, or is conveyed separately, plaintiffs met their initial burden.  Although the State initially conveyed uplands and underwater land to Charles Smyth by separate deeds, the underwater land thereafter passed appurtenant to Smyth's uplands, including by deeds to plaintiffs and several other landowners on North Bay, but not to defendant.  Even if the underwater land could be conveyed only separately, it would have passed to Smyth's heirs and devisees, not directly to defendant.

In opposition, defendant failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562).  Although there were discrepancies in both plaintiffs' and defendant's chains of title, including allegations as to Smyth's identity, defendant has failed to submit evidence establishing or, indeed, even to allege, that she owned uplands adjacent to the underwater land at issue or that she acquired title to the land through a chain of title tracing back to an heir or devisee of the original grantee of the underwater land.

Finally, we conclude that defendant is not entitled to the relief sought in her cross motion, i.e., to add necessary parties pursuant to CPLR 1001.  We are not determining herein which owners of uplands have title to the underwater land at issue, and thus the other landowners,

the allegedly necessary parties, cannot be "inequitably affected" by our decision (CPLR 1001 [a]; *see generally Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 125, *adhered to on rearg* 25 NY2d 692; *cf. Halfond v White Lake Shores Assn., Inc.*, 114 AD3d 1315, 1318).

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court