■ CONSTANCE BAGNOLI et al., Appellants, v MARIE D. ALBERT, Also Known as ANNA DERY, Respondent, et al., Defendants. [692 NYS2d 790] —Peters, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 8, 1998 in Albany County, which, *inter alia*, granted defendant Marie D. Albert's cross motion for summary judgment dismissing the complaint against her.

In July 1994, defendant Marie D. Albert (hereinafter defendant), as president of DD Transport One, Inc., executed an $80,000 promissory note in connection with the purchase of a business from plaintiff Constance Bagnoli. The note was personally guaranteed by two individuals, one of whom was defendant, who purportedly mortgaged her home in the Town of Colonie, Albany County (hereinafter the property). Thereafter, Bagnoli assigned the first 48 payments of the note and mortgage to plaintiff Wendall Williams. As a result of DD Transport's failure to make payments on the promissory note, plaintiffs instituted the instant action in October 1996 to foreclose on the mortgage.

Defendant's answer contained numerous affirmative defenses pertaining to a petition in bankruptcy filed by plaintiff in April 1994 pursuant to chapter 13 of the Federal Bankruptcy Code from which she had not received a discharge until

November 1995. Therein, Bagnoli had listed herself as the 100% owner of the business with its value unknown. Allegedly, at the time of such filing, there existed an oral agreement between the parties regarding the sale of the business for the sum ultimately reflected in the purchase agreement dated May 24, 1994.*

Following defendant's answer, plaintiffs moved for summary judgment. Defendant opposed and cross-moved for leave to amend her answer. Supreme Court, in a decision and order dated March 6, 1998, found that since neither the motion papers nor their supporting documents contained a description of the real property being foreclosed upon, the relief must be denied. It further denied defendant's cross motion for leave to amend the answer.

On March 31, 1998, plaintiffs brought a second motion for summary judgment, this time submitting a metes and bounds description of the mortgaged property immediately following their complaint. They further annexed the notice of pendency which included the same description. In the affidavit submitted in support of the motion, plaintiffs' counsel averred that, although the property description was originally attached to only the notice of pendency, such document was filed simultaneously with the summons and complaint. Contending that a copy of the summons and complaint, the notice of pendency and the mortgage document all now contain the requisite description of the property and that the reason that the description was not initially attached amounted to a simple copying error, plaintiffs urged the court to grant their motion. In opposition to the motion and in support of her cross motion for dismissal, defendant averred that the complaint, as filed and served, remained defective because it failed to describe the property upon which foreclosure was sought. Lacking in rem jurisdiction, she urged the court to dismiss the complaint.

Supreme Court denied plaintiffs' motion and granted defendant's cross motion upon its independent confirmation that the complaint on file in the Albany County Clerk's office did not contain a metes and bounds description of the mortgaged premises, notwithstanding the inclusion of such description in the complaint forwarded to the court on the second motion for summary judgment. Finding the complaint fatally

---

* Defendant also filed for bankruptcy and received a discharge in April 1996 under chapter 7 of the Bankruptcy Code. On her schedule for executory contracts and unexpired leases, she listed the $80,000 note as a contingent liability owed to Williams. The automatic stay provision in defendant's case was lifted on November 12, 1997.

defective, the court nonetheless permitted plaintiffs 20 days within which to move to amend their complaint to include the requisite description. In lieu thereof, plaintiffs appealed.

We affirm. Upon our review, we find that neither plaintiffs' summons nor their complaint as served included a description of the property securing the mortgage. The mortgage attached to the complaint refers to the property as "all that tract piece or parcel of land in the Town of Colonie, County of Albany, State of New York, more particularly described as follows: see 'Schedule A' annexed hereto and made a part hereof"; however, the Schedule A was not annexed thereto. It did, however, follow the notice of pendency which was not served with the complaint. Hence, while de minimis errors in the description of the property in a summons and writ of assistance are not fatal where an accurate description could be found in the complaint, judgment of foreclosure and other accompanying papers (*see, American Mtge. Bank v Matovitz*, 208 AD2d 788), we cannot find that the complaint served here provided the requisite notice despite the absence of detailed guidance in RPAPL article 13. As the provisions of the CPLR apply when drafting a complaint for the purpose of foreclosing on a real estate mortgage (*see,* 78 NY Jur 2d, Mortgages, § 577) and provide that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences * * * intended to be proved and the material elements of each cause of action or defense" (CPLR 3013; *see,* 9 Warren's Weed, New York Real Property, Mortgage Foreclosures, § 6.01 [1] [4th ed]), to obtain jurisdiction a particularized description of the mortgaged property must be included (9 Warren's Weed, New York Real Property, Mortgage Foreclosures, § 6.01 [2] [c] [4th ed]; 78 NY Jur 2d, Mortgages, § 579).

Finding that Supreme Court properly dismissed the complaint as defective, we need not address any remaining contentions, counterclaims or affirmative defenses.

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.