4. MARILYN B. GREENBERG et al., Respondents, v. MANLON REALTY, INC., Appellant.— In this action to recover damages, *inter alia,* for an alleged encroachment upon plaintiff's real property, defendant appeals from an order of the Supreme Court, Queens County, dated September 10, 1973, which (1) granted plaintiffs' motion for summary judgment in part, that is, on the second and third causes of action, which are based on the alleged encroachment, and (2) ordered an assessment of damages. Order reversed, with $20 costs and disbursements, and motion denied in its entirety, without prejudice to renewal of the motion by plaintiffs, if so advised, on proper papers and affidavits by persons personally familiar with the facts, setting forth competent evidentiary facts which might establish, as a matter of law, that they are entitled to summary judgment. In this action plaintiffs seek, *inter alia,* $500,000 damages because they claim defendant, in erecting a three-story building on

a plot adjoining their property, encroached on their property to the extent of nine and one-half inches. In their motion for summary judgment, they rely on an affidavit of their attorney. The affidavit, in our opinion, does not establish by any proof whatsoever plaintiffs' ownership of the property allegedly encroached on by defendant or any competent proof of the encroachment claimed. On a motion for summary judgment, the moving party has the burden to set forth evidentiary facts to establish his cause sufficiently to entitle him to judgment as a matter of law; anything less requires a denial of the motion, even where the opposing papers are insufficient (cf. *Falk* v. *Goodman,* 7 N Y 2d 87, 91; *O'Connor-Sullivan* v. *Otto,* 283 App. Div. 269, 272; *First Trust & Deposit Co.* v. *Conde Hardware Co.,* 47 Misc 2d 338, 340; *Weiss* v. *Garfield,* 21 A D 2d 156, 158). In an attempt to prove the alleged encroachment, plaintiffs' attorney attached to his affidavit a paper survey made by one Charles Sykes, a certified surveyor. It has red ink marking on it where the alleged nine and one-half inch encroachment exists. This paper is not competent evidence of the encroachment, unless supported by an affidavit of the surveyor. To be admissible as a so-called "ancient document" it must be a recorded survey for more than 10 years, under CPLR 4522; 20 years under the predecessor statute (Civ. Prac. Act, § 389-a; *Beisheim* v. *People,* 26 Misc 2d 684). Here, there is no proof that the paper survey has been recorded; it is dated "6-30-72"; and defendant's alleged encroachment commenced in 1969 or 1970. There is no affidavit by the surveyor confirmatory of the survey and the encroachment marked on it. (See *Fallone* v. *Gochee,* 9 A D 2d 569, as to propriety of the trial testimony of a surveyor engaged to make a survey in connection with a boundary dispute.) In our view, on a motion for summary judgment a surveyor engaged to make a survey in connection with such a dispute should undertake to confirm the accuracy thereof by affidavit. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.