■ CHARLES GLOVER, Respondent, v ALBERTO JIMINEZ, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, entered May 1, 1980, which granted plaintiff's motion for summary judgment on the issue of liability and directed an assessment of damages. Order reversed, on the law, without costs or disbursements, and plaintiff's motion is denied. The general rule is that "On a motion for summary judgment, the moving party has the burden to set forth evidentiary facts to establish his cause sufficiently to entitle him to a judgment as a matter of law; anything less requires a denial of the motion, even where the opposing papers are insufficient" (Greenberg v Manlon Realty, 43 AD2d 968, 969). At bar, plaintiff's motion papers, even when read together with the excerpt from the investigative report submitted

by defendant, do not establish his right to summary judgment since they do not sufficiently demonstrate that defendant was the owner or operator of the vehicle that struck plaintiff. Even if such a demonstration had been made, the granting of summary judgment was unwarranted in light of excerpts from the plaintiff's examination before trial and from the plaintiff's hospital discharge summary, which tended to show that plaintiff was intoxicated at the time of the accident. This is particularly the case when such evidence is considered together with defendant's attorney's averment that, on the basis of notes of interviews had with a named witness to the accident, that witness would testify that the traffic light was green for moving traffic and that plaintiff "was in effect 'dancing' across the street as if he appeared to be under the influence of something." (See *Phillips v Kantor & Co.,* 31 NY2d 307, 312.) Under the circumstances of this case, this evidentiary matter creates at least a "doubt as to the existence of a triable issue" (see *Moskowitz v Garlock,* 23 AD2d 943, 944; see, also, *Rotuba Extruders v Ceppos* 46 NY2d 223, 231), i.e., whether and to what extent, if any, plaintiff's conduct contributed to the accident. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.