■ Leonard Sloninski, Appellant, v William G. Weston et al., Respondents. [648 NYS2d 823] —Spain, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 31, 1995 in Sullivan County, upon a decision of the court in favor of defendants.

The parties own adjoining parcels of real property in the Town of Liberty, Sullivan County. In July 1992, plaintiff commenced this action, *pro se*, alleging that the western boundary of defendants' property encroached some 100 feet inside his parcel. Plaintiff requested a judgment directing defendants to remove the encroachment on plaintiff's property, prohibiting defendants from selling or transferring the parcel in question until a corrected subdivision map could be prepared, and requiring defendants to pay plaintiff $8,000 in damages. Shortly thereafter plaintiff, in an application for an order to show cause, sought, *inter alia*, a temporary restraining order in an attempt to preserve the status quo throughout the litigation. After issue was joined, defendants were granted permission to submit an amended answer in which defendants raised a counterclaim seeking expenses incurred in defense of plaintiff's alleged baseless claim and sanctions.

Supreme Court denied plaintiff's request for injunctive relief finding that plaintiff had not demonstrated a likelihood of success on the merits and set the matter down for a nonjury trial which was subsequently held in December 1994; plaintiff continued to appear *pro se*. At the conclusion of plaintiff's case, defendants moved for a dismissal due to plaintiff's failure to establish a prima facie case of encroachment; Supreme Court reserved decision and allowed plaintiff to submit a written closing. Supreme Court, by order entered May 31, 1995, granted defendants' motion dismissing the complaint and severing the counterclaim. The court based its decision upon plaintiff's failure to offer proof establishing that he had title to the portion of the property in question. After presentation of proof from both sides on defendants' counterclaim, Supreme Court determined, by order and judgment entered June 27, 1995, that, *inter alia*, defendants were entitled to $9,758.50 in fees, costs and disbursements. Plaintiff appeals. Notably, a review of the notice of appeal indicates that plaintiff has limited his appeal to the order entered May 31, 1995.

Initially, we reject plaintiff's contention that Supreme Court erred in considering only a small portion of the documentary evidence offered by plaintiff. A review of the record indicates that the documentary evidence offered by plaintiff at trial was marked for identification. However, because plaintiff failed to

lay a proper foundation for most of these exhibits, he was only able to get two out of 13 exhibits into evidence. For a deed to be admissible, the party offering it must submit proof of its execution and authenticity (*see*, 58 NY Jur 2d, Evidence and Witnesses, § 534, at 151). Moreover, "[i]n order to prove a boundary by a survey, there should be proof of the identity, competency, and the authority of the surveyor in the particular case, and of the purpose of the survey" (1 NY Jur 2d, Adjoining Landowners, § 151, at 645). Plaintiff's failure to offer any compelling testimony or other evidence detailing the authenticity of the deeds and survey maps, or any evidence to help interpret or explain the deeds, supports Supreme Court's refusal to admit the documents at issue into evidence.

Further, an inexperienced litigant who chooses to represent himself or herself in court does so with a degree of risk involved. A litigant's decision to proceed without counsel does not confer any greater rights than those afforded to other litigants, nor may a *pro se* appearance serve to deprive parties in opposition of their right to a fair trial (*see*, *Davis v Mutual of Omaha Ins. Co.*, 167 AD2d 714, 716; *Roundtree v Singh*, 143 AD2d 995, 996). Here, Supreme Court made every reasonable effort to afford plaintiff leeway during the trial so as to insure that he had an opportunity to make a full presentation of his case. In the face of such accommodation by the court, plaintiff failed to offer any evidence establishing a prima facie case. Finally, we reject plaintiff's contention that defendants' attorney and defendants' expert witness perjured themselves during the trial; these conclusory allegations are completely unfounded and unproven.

Crew III, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.