■ EUGENE V. MANDEL, Respondent, v ESTATE OF FRANK L. TIFFANY, Defendant, and BARBARA J. TIFFANY et al., Appel-

lants. [693 NYS2d 759] —Peters, J. Appeal from that part of an order of the Supreme Court (Meddaugh, J.), entered September 22, 1998 in Sullivan County, which denied certain defendants' motion for summary judgment dismissing the complaint against them.

In these consolidated actions, plaintiff, a *pro se* litigant, seeks to quiet title to land he acquired by deed in 1972 and to recover damages for, *inter alia*, trespass and damage to his property. Defendants moved for summary judgment, asserting that the first cause of action was deficiently pleaded, that plaintiff offered no proof establishing any triable question of fact, and that the claim for property damage was time barred. Supreme Court denied defendants' motion and this appeal ensued.

Addressing first the sufficiency of the pleadings, we agree with Supreme Court that plaintiff adequately described the property in dispute for purposes of RPAPL 1515 (2). The complaints identify plaintiff's property as those premises on Hazel Road (Town Road 24) in the Town of Rockland, Sullivan County, bearing section, block and lot number 37-1-66.1, with further reference to the liber and page number of plaintiff's recorded deed and the deeds to defendants' adjoining parcels. Contrary to defendants' assertion that plaintiff offered only sampling maps which he either prepared or modified, the record reveals plaintiff's submission to include the deed by which he acquired his title and various surveys.* As we have found de minimis errors to not prove fatal (*see, American Mtge. Bank v Matovitz*, 208 AD2d 788; *cf., Bagnoli v Albert*, 263 AD2d 594), in our view, these submissions described the property at issue with "common certainty" as required by RPAPL 1515 (2) (*see, Sunshine v Danbury*, 181 AD2d 961, 963; *Valentine v Smith*, 90 AD2d 919).

As to the motion for summary judgment, we find defendants to have satisfied their entitlement to relief, as a matter of law, by the submission of various deeds, a survey map and an affidavit of its preparer (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *State of New York v Hiller*, 250 AD2d 953). The burden thereafter shifted to plaintiff to "assemble and lay bare affirmative proof to establish that the matters alleged are real and capable of being established * * * [at] trial" (*Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916; *see, Zuckerman v City of New York*, 49 NY2d 557). In reviewing plaintiff's offer of the subject deeds with defendants' survey and the

---

* Other documents containing property descriptions and ownership records are also part of the record, although it is unclear by whom these were offered.

surveyor's affidavit explaining the inconsistencies between the deed descriptions and the surveyed lots, we conclude that plaintiff has raised a triable issue pertaining to the ownership of the land in question and the disputed right-of-way.

Turning to plaintiff's property damage claim emanating from the alleged removal of trees prior to 1984 which plaintiff contends caused a landslide on his property in 1991, we find the action to be time barred pursuant to CPLR 214 (4). With the gravamen of the action, seeking treble damages, premised upon a violation of RPAPL 861 (*see, Axtell v Kurey*, 222 AD2d 804, *lv denied* 88 NY2d 802; *Cunningham v Brischke*, 167 AD2d 604; *Whitaker v McGee*, 111 AD2d 459), the injury—the cutting of trees—must be deemed to have occurred, if at all, no later than 1984 "when the damage [was] apparent" (*Cranesville Block Co. v Niagara Mohawk Power Corp.*, 175 AD2d 444, 446). As there exists no basis upon which to conclude that the cutting of trees, triggering an erosion which presumptively resulted in a landslide six years later, should constitute a continuing trespass (*cf., 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48), we dismiss the cause of action.

Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the second cause of action; motion granted to that extent and the second cause of action seeking damages as a result of trespass dismissed; and, as so modified, affirmed.