■ BRUCE E. PATTERSON, Respondent, v SALVATORE PALMIERI et al., Appellants. [727 NYS2d 197] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Best, J.), entered March 24, 2000 in Hamilton County, which, *inter alia*, granted plaintiff's motion for partial summary judgment, and (2) from an order of said court, entered March 16, 2000 in Hamilton County, which denied defendants' motion for reargument.

Plaintiff commenced this action seeking damages and injunctive relief as a result of defendants' alleged trespass upon and conversion of their real property. After issue was joined, plaintiff moved for partial summary judgment on the issue of liability, an injunction restraining defendants from trespassing and dismissal of defendants' counterclaims. Plaintiff supported the motion in part by a survey map attached to an affidavit of plaintiff. When defendants failed to submit a survey supporting their claim of ownership to the disputed property, Supreme Court rendered a decision granting plaintiff's motion for partial summary judgment in its entirety. Before the order granting plaintiff summary judgment was entered and served, defendants moved to reargue plaintiff's motion. Supreme Court rejected defendants' assertion that it overlooked significant facts and misapprehended the law with respect to their proof of ownership to the disputed property and, therefore, denied defendants' motion. An appeal from both orders followed.

Initially, defendants' appeal from the order denying their motion to reargue must be dismissed, as such order is not appealable (*see, Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651). This leaves only Supreme Court's order granting plaintiff partial summary judgment for us to consider.

Turning to the remaining matter before us, we agree with

Supreme Court that the issue in this case is the location of the parties' common boundary line. We also agree with Supreme Court that this issue was not determined by a prior RPAPL article 15 proceeding by defendants' predecessor in title as asserted in defendants' first counterclaim. However, notwithstanding the legal insufficiency of defendants' counterclaim, plaintiff has failed to make the required prima facie showing by a tender of evidentiary proof in admissible form that he is entitled to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York*, 49 NY2d 557; *Gstalder v State of New York*, 240 AD2d 541, 542). Plaintiff has failed to provide an affidavit from his surveyor or other evidentiary proof in admissible form which would provide the necessary foundation for his submitted survey so that it could be properly considered in support of his motion (*see, e.g., Sloninski v Weston*, 232 AD2d 913, 914, *lv denied* 89 NY2d 809). Additionally, the copy of the survey set forth in the record contains a notation that the "survey is subject to any fact an abstract of title may reveal" which raises a question requiring an explanation. Absent "an accurate survey and a professional interpretation thereof" (*Kahil v Townsend*, 5 AD2d 940), plaintiff has failed to meet his burden and, on this record, his motion for partial summary judgment should not have been granted in its entirety.

Crew III, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order entered March 24, 2000 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion seeking summary judgment on the complaint; motion denied to that extent, without prejudice, and the first, second, third, fifth and sixth ordering paragraphs of said order are vacated; and, as so modified, affirmed. Ordered that the appeal from the order entered March 16, 2000 is dismissed, without costs.