■ CHARLES LAVINE et al., Appellants, v TOWN OF LAKE LUZERNE, Respondent. [745 NYS2d 345] —Spain, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered December 5, 2001 in Warren County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

The property dispute underlying this action involves the boundary line dividing defendant's property to the south and plaintiffs' property to the north; each parcel lies along the westerly shore of Lake Luzerne in the Town of Lake Luzerne, Warren County. Defendant obtained its beachfront property by deed dated September 1, 1920, which describes the property using a hemlock stump as a starting point. Defendant owns a second parcel adjacent to its beachfront parcel—obtained by deed dated December 14, 1936—which does not border plaintiffs' property, but utilizes the same hemlock stump as a starting point for the property description.

Plaintiffs acquired title to their parcel in 1980. Thereafter, defendant erected a split rail fence which, as the parties now dispute, was either at or near the boundary line in question. Following a meeting with the Town Supervisor in 1998, plaintiffs, as agreed, demolished the existing split rail fence and erected a chain link fence to prevent their dogs from entering defendant's property. In August 2000, after a survey revealed that plaintiffs had constructed the fence on defendant's property approximately 10 feet south of the property line, defendant directed plaintiffs to move the fence.

In April 2001, plaintiffs commenced this action asserting that they are the owners of the disputed property by claim of right and adverse possession. Prior to discovery, Supreme Court granted summary judgment to defendant dismissing the complaint, and denied plaintiffs' cross motion for summary judgment. Plaintiffs appeal, disputing only that portion of Supreme Court's judgment pertaining to their claim of right to the property.

We affirm. In support of its motion for summary judgment,

defendant submitted three surveys respectively dated 1963, 1995 and 2000, all of which consistently place the hemlock stump in the same location and, as a result, plot the boundary line approximately 10 feet north of plaintiffs' fence. Notably, the 1995 survey was commissioned by plaintiffs and preceded their construction of the fence. This evidence is sufficient to satisfy defendant's initial burden of making a prima facie case showing of entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *City of Binghamton v T & K Communications Sys.*, 290 AD2d 797, 799; *Mandel v Estate of Tiffany*, 263 AD2d 827, 828).

The burden then shifted to plaintiffs to produce evidentiary proof in admissible form sufficient to raise a material question of fact requiring a trial (*see, Zuckerman v City of New York, supra* at 562). Plaintiffs rely on an expert who compared defendant's 1936 deed with the 2000 survey and, without elaboration, found they were inconsistent. It is undisputed that the expert did not review the earlier surveys or defendant's 1920 deed and offered no expert opinion as to the reason for the discrepancy or the proper placement of the boundary line (*see, Romano v Stanley*, 90 NY2d 444, 451-452; *Guldy v Pyramid Corp.*, 222 AD2d 815, 816). In contrast, defendant's expert gave a detailed explanation supporting his conclusion that the 1936 deed description contained errors and that the 1920 deed contains the appropriate reference point of beginning for conducting a survey of the disputed property line. The opinions in plaintiffs' attorney's affidavit, not based on personal knowledge, have no probative value as he is not an expert in land surveying (*see, Zuckerman v City of New York, supra* at 563). Under these circumstances, we conclude that the evidence submitted by plaintiffs is insufficient to raise a material question of fact (*see, City of Binghamton v T & K Communications Sys., supra* at 799; *Dewey v Gardner*, 248 AD2d 876, 878-879; *cf., Mandel v Estate of Tiffany, supra* at 828-829).

Finally, we decline to entertain plaintiffs' argument that Supreme Court improperly granted summary judgment before plaintiffs had the opportunity to cross-examine defendant's expert, because plaintiffs failed to make such a request to Supreme Court (*see, Blackmon v Meo*, 284 AD2d 711, 712, *lv denied* 97 NY2d 602; *Cahill v Harter*, 277 AD2d 655, 655-656).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.