■ BRUCE E. PATTERSON, Respondent, v SALVATORE PALMIERI et al., Appellants. [762 NYS2d 845] —Lahtinen, J. Appeal from an order of the Supreme Court (Best, J.), entered March 25, 2002 in Hamilton County, which granted plaintiff's motion for partial summary judgment.

When the parties' boundary line dispute was previously before us, we reversed and denied, without prejudice, so much of Supreme Court's order as had granted plaintiff's motion for partial summary judgment (284 AD2d 852 [2001]). We noted in our decision that plaintiff did not meet his threshold burden as the movant on a motion for summary judgment because he "failed to provide an affidavit from his surveyor or other evidentiary proof in admissible form which would provide the necessary foundation for his submitted survey so that it could be properly considered in support of his motion" (*id.* at 853). Plaintiff subsequently moved again for summary judgment regarding the boundary, and supported such motion with, among other things, an affidavit from his surveyor and the accompanying survey indicating that he owned the disputed property. Defendants—who in the previous motion had been granted extended adjournments to obtain a survey but never did so—again failed to submit a survey in opposition to the motion. Supreme Court concluded that plaintiff had met his burden of demonstrating a prima facie case of entitlement to judgment as a matter of law and that defendants had failed to submit sufficient proof in opposition to raise a material ques-

tion of fact. Plaintiff's motion was thus granted and this appeal ensued.

Defendants argue that, because plaintiff's surveyor was paid for his work by plaintiff, a credibility issue exists precluding summary judgment. This argument is totally devoid of merit. The mere fact that an expert is compensated for work does not create a credibility issue precluding summary judgment.

Equally meritless is defendants' contention that summary judgment is precluded by the Full Faith and Credit Clause of the US Constitution. The Full Faith and Credit Clause applies to court decisions from other states (see US Const, art IV, § 1; *Matter of Luna v Dobson*, 97 NY2d 178, 182-183 [2001]). Here, there has been no relevant ruling from a court in another state.

Defendants further seek to invoke the doctrine of res judicata to avoid summary judgment. Defendants base this argument upon the fact that the executor of the estate from which they purchased the property had brought an action in 1992 to quiet title. However, the 1992 action never specifically addressed the area in dispute, i.e., the common boundary line of the relevant properties. Indeed, the executor's deed merely describes the relevant boundary as "South by Donnelly and Patterson." The issue in the current litigation involves determining where that southern boundary with "Patterson" (plaintiff) is located. Accordingly, and as we already held in the prior appeal (284 AD2d 852, 852-853 [2001], *supra*), the 1992 action did not establish the relevant disputed boundary.

After review of the record, we agree with Supreme Court that plaintiff met his threshold burden on the motion for partial summary judgment and defendants failed "to come forward with competent evidence raising a material question of fact" (*Bombardier Capital v Reserve Capital Corp.*, 295 AD2d 793, 794 [2002]). Partial summary judgment was, therefore, appropriately granted. We have reviewed and found unpersuasive defendants' remaining arguments.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.