■ EDWARD KLOTZ et al., Appellants, v STANLEY WARICK et al., Respondents. [863 NYS2d 103]—

Cardona, P.J. Appeal from a judgment of the Supreme Court

(Dawson, J.), entered July 10, 2007 in Clinton County, upon a verdict rendered in favor of defendants.

This action stems from a boundary line dispute between the parties who are the owners of adjacent properties with southern boundaries on the shore of Chazy Lake in the Town of Dannemora, Clinton County. After receiving a survey map prepared by licensed surveyor Roderick Cobane,[1] plaintiffs acquired their property by deed dated October 24, 1986. Defendants purchased their parcel, to the east of plaintiffs' property, by deed dated November 23, 1987. Both deeds describe rectangular parcels, with plaintiffs' property listed as having approximately 100 feet of shoreline and defendants' deed indicating 200 feet.

In 1991, Cobane conducted another survey of the parties' properties at the behest of defendants' relatives which echoed the results of the earlier survey. It is undisputed that the Cobane survey maps labeled a specific iron pipe as representing the true marker for purposes of determining the southeast corner of plaintiffs' parcel. According to the 1991 survey map, defendants' parcel had approximately 190 feet of shoreline. In 1992, consistent with the information gleaned from the Cobane survey maps, plaintiffs built up stones along the edge of what they considered to be the eastern border of their property.

In December 2001, defendants hired licensed surveyor Kip Cassavaw to determine the proper boundary line between the properties. Cassavaw disagreed with the Cobane surveys with respect to the location of the southeastern corner of plaintiffs' property. He noted the location of the iron pin utilized by Cobane but opined that this marker was incorrect and inconsistent with the parties' deeds and other monuments found in the area.[2] Accordingly, he put in a new pin to the west of that shown on the Cobane surveys. This resulted in a triangular-shaped area of dispute with the base of the triangle extending approximately 13 feet along the shoreline.

Thereafter, defendants began dismantling plaintiffs' stone structure from the disputed boundary and, among other things, proceeded to erect a six-foot wire fence and post no trespassing

1. Although it is undisputed that Cobane later lost his surveying license, he did not testify at trial due to poor health and his unfiled surveys were not admitted into evidence. Nevertheless, expert witnesses for both parties had the opportunity at trial to discuss certain monuments referenced in those survey maps.

2. Although the parties all acknowledge the existence of the iron pipe referenced by Cobane in his survey maps, it is also undisputed that, at a later point, this pipe was disturbed and may have been the iron pipe that defendant Stanley Warick states he found on the ground and threw away prior to the commencement of this litigation.

signs. In 2003, plaintiffs hired licensed surveyor Daniel Elder to perform a survey. His map essentially confirmed the boundary lines contained in the original surveys conducted by Cobane. After exchanging multiple letters with defendants regarding the disputed property, plaintiffs commenced this action sounding in ejectment and intentional trespass. Defendants' answer contained a counterclaim seeking to quiet title pursuant to RPAPL article 15. In 2006, plaintiffs moved for partial summary judgment requesting, among other things, a determination that the disputed boundary line be designated as shown on the Cobane survey maps. Supreme Court denied that motion. Subsequently, plaintiffs successfully moved to amend their complaint to include a request to quiet title and, among other things, a cause of action for adverse possession. Following a trial, the jury returned a verdict in favor of defendants as to all claims, prompting this appeal.

Initially, plaintiffs contend that Supreme Court improperly denied their pretrial motion for summary judgment seeking a determination in their favor with respect to the location of the disputed boundary line. Notably, in support of their motion, plaintiffs submitted expert surveying testimony as well as their own affidavits, deeds, maps and photos of the parties' properties sufficient to demonstrate their prima facie entitlement to summary judgment (*see Patterson v Palmieri*, 307 AD2d 668, 668 [2003], *lv dismissed* 1 NY3d 546 [2003]). "The burden then shifted to [defendants] to produce evidentiary proof in admissible form sufficient to raise a material question of fact requiring a trial" (*Lavine v Town of Lake Luzerne*, 296 AD2d 793, 794 [2002], *lv denied* 99 NY2d 501 [2002] [citation omitted]). In opposition, defendants relied upon Cassavaw's affidavit stating, among other things, that the location of the iron pipe referenced by Elder and the Cobane maps as the southeastern corner of plaintiffs' property would be inconsistent as a boundary marker with all other relevant facts and references of the properties. Given the conflicting proof, we conclude that Supreme Court properly denied summary judgment (*see Levy v Morgan*, 31 AD3d 857, 858 [2006]).

Turning to plaintiffs' contention that Supreme Court wrongfully denied their requests for certain jury charges, we note that the record fails to disclose that they registered appropriate objections to preserve these contentions for appellate review. Specifically, while the charge conference itself is not included in this record, when the proceeding resumed on the record, Supreme Court stated that plaintiffs' request for an unrelated missing witness charge had been denied. Plaintiffs' counsel

noted his objection to that ruling but did not make any other objections to the charge. Thereafter, at the conclusion of the court's charge to the jury, the court asked counsel if there were any objections to the verdict sheet or "exceptions to the charge other than already noted." In response, plaintiffs' counsel did not register any pertinent objection. Absent a clear record articulating plaintiffs' claimed objections to the court's refusal to charge the jury as requested prior to deliberations, plaintiffs have failed to preserve these contentions (*see* CPLR 4110-b; *Zito v New York State Elec. & Gas Corp.*, 122 AD2d 499, 500 [1986]). Additionally, "we see no error warranting the exercise of our discretion to order a new trial in the interest of justice" (*Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 894 [2004]; *see generally Brown v Dragoon*, 11 AD3d 834, 835-836 [2004], *lv denied* 4 NY3d 710 [2005]).

Next, plaintiffs maintain that Supreme Court abused its discretion in allowing defendants to present the testimony of forestry expert John Maye due to their untimely disclosure of their intention to call him as an expert. Notably, CPLR 3101 (d) (1) (i) does not mandate preclusion of witness testimony when "good cause" exists for a party's delay in producing an expert (*see Marra v Hensonville Frozen Food Lockers*, 189 AD2d 1004, 1005 [1993]). Here, the record shows that defendants requested Maye as a witness after plaintiffs amended their complaint adding a claim for adverse possession, a circumstance which called into question the age of certain trees planted by plaintiffs on the disputed property. Accordingly, Supreme Court found that defendants had good cause for their delay and did not intentionally withhold disclosure. Given, among other things, the circumstances and absence of evidence that plaintiffs were prejudiced by the delay, we find no error in the denial of plaintiffs' motion to preclude the testimony (*see Hansel v Lamb*, 257 AD2d 795, 796 [1999]; *compare Cramer v Spada*, 203 AD2d 739, 740 [1994], *lv denied* 84 NY2d 809 [1994]).

Finally, we note that, since New York does not recognize a cause of action for third-party negligent spoliation of evidence (*see Ortega v City of New York*, 9 NY3d 69, 73 [2007]), Supreme Court appropriately denied plaintiffs' motion to amend its pleading to add Cassavaw as an additional defendant based on their claim that he improperly failed to preserve certain documents when conducting his survey.

The remaining arguments advanced by plaintiffs have been examined and found to be unpersuasive.

Peters, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.