■ PHYLLIS R. QUINN, Appellant, v CHARLENE DEPEW et al., Respondents, et al., Defendant. [881 NYS2d 536]—

Garry, J. Appeals from two orders of the Supreme Court (Lebous, J.), entered December 2, 2008 and December 9, 2008 in Broome County, which granted motions by defendants MPM Real Estate, LLC and Charlene Depew for summary judgment dismissing the complaint against them.

Plaintiff and defendant Charlene Depew are two of four siblings. In March 1984, by two separate deeds, the parents of these two parties acquired title to three lots in a subdivision located on Taft Avenue in the unincorporated community of Endwell, Broome County (hereinafter the Taft Avenue property) and two adjoining lots in the same subdivision (hereinafter the Magnolia Street property). As described in the 1984 deeds and as shown on subdivision maps referenced in the deeds, the Magnolia Street property lies immediately to the east of the Taft Avenue property. The rear line of the Taft Avenue property is a common boundary line with the west line of the Magnolia Street property. The parents owned the properties as tenants by the entirety until the father died in 1997. Thereafter, the mother solely owned the properties until she died in June 2006.

Shortly after acquiring title to these properties, the parents had them surveyed. The map prepared by the surveyor showed that the two-family residence on the Magnolia Street property is located on or very near the common boundary line with the Taft Avenue property. In December 1984, at the parents' direction, the surveyor prepared a new map and property descriptions which placed the common boundary line to the west of its previous position. This was accomplished by adding a six-foot-wide strip of land to the Magnolia Street property and subtracting it from the Taft Avenue property. Plaintiff alleges that stakes marking the original boundary were removed and new stakes were placed at the location of the new line. Plaintiff further alleges that the parents subsequently treated the six-foot strip as part of the Magnolia Street property, laying drainage pipes for the Magnolia Street house across the strip of land and maintaining it as part of the Magnolia Street property. The deeds containing the original property descriptions were recorded after these

surveys were completed. The survey map, however, was not recorded, and no deeds reflecting the altered property descriptions were apparently ever executed.

In May 2006, the mother had appraisals prepared for various properties she owned, including the Taft Avenue and Magnolia Street properties. The dimensions used in the appraisals for the Taft Avenue and Magnolia Street properties are identical to those in the original 1984 deeds. Thereafter, the mother executed her last will and testament, providing in pertinent part: "I give and bequeath my two-family residence on Magnolia Drive, Endwell, New York, to [plaintiff]." The will further provides that, after other bequests, the rest, residue and remainder of the estate is devised to Depew. The residual estate included the Taft Avenue property. Depew's husband was nominated as executor. The mother died shortly after executing this last will and testament. The will was admitted to probate without exception.

In December 2006, after searching the title of the Magnolia Street property, the mother's attorney prepared a deed based on the property description as established in the 1984 deed and sent it, with an abstract of title, to plaintiff's attorney. At the same time, he prepared a deed for the Taft Avenue property and sent it to Depew. Depew's deed was signed by the executor in December 2006 and recorded in April 2007. In June 2007, plaintiff's attorney advised the executor by letter that the six-foot strip of land described in the December 1984 survey was to be added to the Magnolia Street property. After this communication took place, Depew entered into a contract to sell the Taft Avenue property, as described in her deed from the estate, to defendant MPM Real Estate, LLC. MPM plans to construct a 12-family residence on the Taft Avenue property, which allegedly cannot be developed in this manner if the disputed six-foot strip is not included.

On August 20, 2007, plaintiff commenced an action pursuant to RPAPL article 15 against Depew and the executor of the mother's estate seeking possession of the six-foot strip of land. MPM was subsequently granted leave to intervene. Both Depew and MPM moved for summary judgment dismissing the complaint. By separate orders unaccompanied by written decisions or other indication of its reasoning, Supreme Court granted both motions and canceled the notice of pendency. Plaintiff appeals from both orders.

In New York, real property may be conveyed only by a deed or a conveyance in writing (see General Obligations Law § 5-703 [1]). Although a will is not a "conveyance" (Real Property Law

§ 240 [1]; § 290 [3]), a testator may nonetheless dispose of property by will (*see* General Obligations Law § 5-703 [1]). On this appeal, Depew and MPM (hereinafter collectively referred to as defendants) contend that the disputed strip of land was conveyed to Depew as part of the residual estate by the executor's deed to the Taft Avenue property, while plaintiff contends that the mother passed the disputed strip of land to her as part of her bequest of the Magnolia Street property.

As the parties moving for summary judgment, defendants bore the initial burden of establishing their prima facie entitlement to judgment as a matter of law by presenting competent, admissible evidence demonstrating the absence of triable issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Wells v Ronning*, 269 AD2d 690, 691 [2000]). To do so, they relied upon the 1984 deed and the 2006 appraisal of the Magnolia Street property, neither of which include the disputed six-foot strip of land. In addition, they provided an abstract of title and a survey—recently commissioned by Depew—of the Taft Avenue property, showing that no conveyance of the six-foot strip of land has been recorded and that the house on the Magnolia Street property does not encroach on the Taft Avenue property. MPM provided the affirmation of the mother's counsel attesting that no instrument changing the boundaries of the Magnolia Street property from those shown in the 1984 deed is on record. This attorney further attested that the mother obtained the appraisals to determine the comparative values of properties she intended to leave to her children so as to establish an equal distribution of the total estate among three of the children, after establishing a trust for a fourth child who is disabled. He attested that he was never made aware of any change in the dimensions of the properties that the mother intended to pass to her children and that, based upon her intention to make an equal distribution, he believes she would have made arrangements to alter the property lines if she had intended to do so, but he did not learn about the 1984 survey showing an altered boundary line until after her death.

This evidence was sufficient to meet defendants' prima facie burden to establish their entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d at 562). The burden then shifted to plaintiff, as the nonmovant, to "assemble, lay bare and reveal [her] proofs" (*Manculich v Dependable Auto Sales & Serv., Inc.*, 39 AD3d 1070, 1072 [2007] [internal quotation marks and citations omitted]). To meet her burden, plaintiff was required to offer competent evidence in

admissible form establishing the existence of genuine, triable issues of material fact or demonstrate an acceptable excuse for failing to do so (*see Zuckerman v City of New York*, 49 NY2d at 562).

As documentary evidence, plaintiff relied upon the 1984 surveys, which she contends demonstrate her parents' intent to move the boundary line. By affidavit, she alleged that this intent is further shown by an underground drainage system crossing the six-foot strip that the mother had installed for the Magnolia Street property and the alleged maintenance of the strip as part of the Magnolia Street property. The placement of the underground drainage system across the disputed land and its alleged maintenance as part of the Magnolia Street property, however, are consistent with the mother's rights as the owner of both properties, without regard to the location of the boundary line, and, therefore, indicate nothing with regard to any alteration of its location. Plaintiff's claims that her brothers gave instructions with regard to the disputed strip of land to the mother's attorney and that the appraiser "was told" by an unspecified person to add the strip to the Magnolia Street property were unsubstantiated by any affidavit testimony. Plaintiff's proof consisted of the survey map and property descriptions prepared in 1984, which, in and of themselves, effected no conveyance, did not form the basis of any conveyance over the next 22 years, were not used when her mother obtained the appraisals, and were not mentioned in her will. Even if plaintiff's claims with regard to her parents' intent in obtaining the survey or thereafter are relevant, to the extent that they are based on conversations or transactions with them before their deaths, such claims are ultimately inadmissible under the Dead Man's Statute (*see* CPLR 4519). Thus, even when plaintiff's evidence is viewed in the light most favorable to her (*see Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]), her claims amounted to "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" which were insufficient to meet her burden to establish the existence of triable issues of fact (*Zuckerman v City of New York*, 49 NY2d at 562). Supreme Court, therefore, properly granted summary judgment to defendants.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.