PETER THOMSON et al., Respondents, v ASHOK NAYYAR et al., Appellants. [935 NYS2d 654]—

In support of their motion, and to establish the defendants' alleged encroachment, the plaintiffs submitted a survey by a

certified surveyor which depicted, among other things, the property lines and the defendants' fence allegedly encroaching on the plaintiff's property. However, this survey did not constitute competent evidence of the alleged encroachment, as it was not accompanied by an affidavit of the surveyor (*see Greenberg v Manlon Realty*, 43 AD2d 968, 969 [1974]; *see also Seaman v Three Vil. Garden Club, Inc.*, 67 AD3d 889, 890 [2009]; *City of New York v Gowanus Indus. Park, Inc.*, 65 AD3d 1071, 1073 [2009]; *Patterson v Palmieri*, 284 AD2d 852, 853 [2001]). Moreover, to the extent that the other evidence submitted by the plaintiffs in support of their motion addressed the issue of the defendants' alleged encroachment onto the plaintiffs' property, the relevant assertions and depictions were based on the inadmissible survey and the boundary markers placed in connection therewith. Accordingly, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on their motion. Since the plaintiffs failed to meet their prima facie burden, we need not review the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

In light of our determination, we need not reach the parties' remaining contentions. Angiolillo, J.P., Dickerson, Hall and Sgroi, JJ., concur.