■ CHARLOTTE BERGSTROM, Appellant, v ROSE MCCHESNEY et al., Respondents. [938 NYS2d 663]—

Garry, J.

Plaintiff is the owner of certain real property in the Town of Colchester, Delaware County, located near a parcel of real property previously owned by defendant Rose McChesney. In 2007, McChesney obtained a building permit to erect a structure on a portion of her property (hereinafter the disputed parcel). Plaintiff objected, claiming that she owned the disputed parcel, and the Town of Colchester Code Enforcement Officer issued two stop work orders to McChesney. In 2008, McChesney conveyed her property rights in two separate transactions to de-

fendant Pamela Hubbard and defendant Duane Gibson. Plaintiff thereafter commenced this action seeking, among other things, to quiet title to the disputed parcel pursuant to RPAPL article 15. Plaintiff moved for summary judgment, and Supreme Court denied the motion. Plaintiff appeals.

In support of her motion for summary judgment, plaintiff submitted the deed by which she acquired title to her property in September 1975,[1] a 2006 survey of the property, and the affidavit of the surveyor who conducted it. Plaintiff's deed was filed with the Delaware County Clerk's office well over 10 years ago and is therefore "prima facie evidence of [its] contents" (CPLR 4522). The surveyor stated in his affidavit that he prepared his survey based on the property description contained in plaintiff's deed as well as those of her predecessors in interest, certain highway appropriation, county acquisition and tax maps, and other relevant agreements and documents. He detailed the means by which he located certain markers, monuments and lines referenced in the property description, and opined that plaintiff's property clearly includes the disputed parcel and plaintiff is the owner of that parcel. Finally, he stated that he had reviewed the deed by which McChesney acquired title to her real property, and opined "with certainty" that the disputed parcel was not included in the property description contained in McChesney's deed. We agree with Supreme Court that these submissions were sufficient to meet plaintiff's burden to demonstrate a prima facie case of entitlement to judgment as a matter of law (see CPLR 3212 [b]; Klotz v Warick, 53 AD3d 976, 978 [2008], lv denied 11 NY3d 712 [2008]; Patterson v Palmieri, 307 AD2d 668, 668-669 [2003], lv dismissed 1 NY3d 546 [2003]).

The burden thus shifted to defendants to produce competent evidence in admissible form establishing the existence of material issues of fact requiring a trial (see Quinn v Depew, 63 AD3d 1425, 1428-1429 [2009]; Klotz v Warick, 53 AD3d at 978; Patterson v Palmieri, 307 AD2d at 669; Lavine v Town of Lake Luzerne, 296 AD2d 793, 794 [2002], lv denied 99 NY2d 501 [2002]). Defendants submitted a 2004 survey map purporting to show that McChesney's property includes the disputed parcel, but they provided no affidavit from the surveyor, nor any other "proof in admissible form which would provide the necessary foundation for [the] survey so that it could be properly considered" (Patterson v Palmieri, 284 AD2d 852, 853 [2001]; see Seaman v Three Vil. Garden Club, Inc., 67 AD3d 889, 890 [2009]; Sloninski v Weston, 232 AD2d 913, 914 [1996], lv denied 89 NY2d 809

---

1. Plaintiff's property has allegedly been owned by members of her family since at least 1913.

[1997]; *Greenberg v Manlon Realty*, 43 AD2d 968, 969 [1974]). Defendants also submitted a copy of the Hardenburgh Patent Map, which is referenced in the property description in plaintiff's deed, and which they assert conflicts with plaintiff's survey. However, they provided no surveyor's affidavit or other "professional interpretation" of the claimed conflicts (*Patterson v Palmieri*, 284 AD2d at 853 [internal quotation marks and citation omitted]; *see Sloninski v Weston*, 232 AD2d at 914). These deficiencies were not cured by the affidavit of defendants' counsel, who does not claim to possess either an expertise in land surveying or relevant personal knowledge (*see Lavine v Town of Lake Luzerne*, 296 AD2d at 794; *Greenberg v Manlon Realty*, 43 AD2d at 969).

Defendants also provided an affidavit from a surveyor purporting to critique the methodology of plaintiff's surveyor. However, defendants' expert did not actually review any of the underlying surveys or deeds, and offered no opinion as to ownership of the disputed parcel. Instead, his affidavit consisted solely of a response to a hypothetical question posed by defendants' counsel. Based upon assumed facts, defendants' expert opined that "a survey prepared without reference to the surveyor's resource of a Hardenburg [*sic*] Patent Map stated in the very deed being surveyed, and when all other reference points of the deed such as trees, etc [*sic*] are gone after 110 years,[2] is a survey prepared with a substantial deviation from acceptable surveying practice for Delaware County." The record does not support the underlying assumptions. First, not all of the reference points in plaintiff's deed were gone at the time of the survey; on the contrary, plaintiff's surveyor found some of them and indicated their locations on the survey map. Further, plaintiff's surveyor did not fail to refer to the Hardenburgh Patent Map; instead, he found and used certain stone piles in his survey, with specific relevance and reference to that map's divisions.[3] As the hypothetical facts upon which defendants' expert based his conclusions are unsupported by the record evidence, his opinion is entirely speculative and insufficient to raise issues of fact (*see Gray v South Colonie Cent. School Dist.*, 64 AD3d 1125, 1127-1128 [2009]; *compare Shipman v Mount Sinai Hosp.*, 290 AD2d 294, 294-295 [2002]; *Kelly v St. Peter's Hospice*, 160 AD2d 1123, 1124-1125 [1990]). Thus, defendants failed to

---

2. The property description in plaintiff's deed was originally drafted in 1894.

3. These references include a stone pile described in the deed as located in one of the Hardenburgh Patent Map's divisions, a second stone pile described as located on the middle line of another division, and a boundary line that follows the referenced middle line from the second stone pile to a riverbank.

meet their burden to produce admissible evidence demonstrating the existence of triable issues of fact or provide an acceptable excuse for failing to do so (*see Quinn v Depew*, 63 AD3d at 1428-1429). Plaintiff's showing that she owns the disputed parcel stands unrefuted, and her motion for summary judgment should have been granted (*see Patterson v Palmieri*, 307 AD2d at 669; *Lavine v Town of Lake Luzerne*, 296 AD2d at 794).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, and it is declared that plaintiff is the owner of the subject property.