# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**302**
**CA 16-01473**
PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

THOMAS E. PIEKUNKA, JOHN A. HINSMAN, JR., AND
GLENDA L. HINSMAN, PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

C. ROBERT STRAUBING AND CORINNE V. STRAUBING,
DEFENDANTS-RESPONDENTS.

---

LACY KATZEN, LLP, ROCHESTER (MICHAEL J. WEGMAN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

JOHN L. BULGER, ROCHESTER, FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered January 8, 2016. The order denied in part the motion of plaintiffs for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of plaintiffs' motion seeking declaratory relief and granting judgment in favor of plaintiffs as follows:

It is ADJUDGED and DECLARED that the construction on defendants' property violates restrictive covenants in the deeds to the parties' properties,

and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Wayne County, for further proceedings in accordance with the following memorandum: The parties own residential waterfront properties on Greig Street in the Village of Sodus Point. In the spring of 2014 defendants obtained a building permit for the construction, inter alia, of a roof over a portion of the deck in the front of their house, i.e., facing Sodus Bay, and a fireplace on the deck with privacy walls on each side. When the project was substantially complete, plaintiffs commenced this action seeking judgment declaring that the construction on defendants' property violates restrictive covenants in the parties' deeds and seeking injunctive relief ordering defendants, inter alia, to dismantle and remove the structures erected pursuant to the building permit. Supreme Court granted in part plaintiffs' motion for summary judgment, dismissing two affirmative defenses asserted by defendants, but otherwise denied the motion. We agree with plaintiffs that the court erred in denying plaintiffs' motion insofar as it sought summary judgment granting declaratory relief, and we therefore modify the

order accordingly.

Plaintiffs allege that defendants' construction violates covenants in the parties' deeds that restrict the location of structures, including "porch[es]" or "building[s]," that extend from the front of the residence in the direction of the bay. The covenants at issue provide, inter alia, that such structures "shall be not more than 90 (ninety) feet southerly distant from and parallel to the southern curb of road-way as designated on" a survey map created in 1894 (the 90-foot line).

Plaintiffs met their initial burden on that part of the motion seeking declaratory relief by submitting the affidavit of their expert surveyor, along with survey maps and related documents supporting his opinion that, within a reasonable degree of professional certainty, defendants' construction extends beyond the 90-foot line, in violation of the restrictive covenants burdening their property (see *Bergstrom v McChesney*, 92 AD3d 1125, 1126). Plaintiffs' expert concluded that the curb line referenced in the 1894 survey map was in the same location as the street line depicted in the survey map he created as well as survey maps created by other surveyors in 2004, 1984 and 1953. Measuring the distance from the street line to the front of defendants' dwelling, plaintiffs' expert determined that the entirety of defendants' construction extended beyond the 90-foot line. He acknowledged that there is a 7.4 foot discrepancy between his survey map and two other survey maps created for defendants' property in 2006 and 1993 respectively, but added that, even if he relied on those maps, the majority of defendants' construction extends beyond the 90-foot line, in violation of the restrictive covenant.

In opposition to the motion, defendants submitted, inter alia, the affidavit of their expert surveyor. Unlike plaintiffs' expert, defendants' expert did not conduct an instrument survey, nor did he offer an opinion with respect to the location of the 90-foot line. We conclude that the conclusory assertions of defendants' expert were insufficient to rebut the opinion of plaintiffs' expert that, under any view of the facts, defendants' construction is in violation of the restrictive covenants burdening their property (see *id.* at 1127).

We agree with defendants, however, that even if the evidence established that the construction violated the restrictive covenants at issue, plaintiffs' own submissions raise issues of fact with regard to the extent of the violation and the appropriate remedy therefor. Thus, we conclude that the court properly denied that part of plaintiffs' motion seeking injunctive relief. Inasmuch as the enforcement of the restrictive covenants implicates the equitable powers of the court, we further conclude that the matter should be remitted to Supreme Court for the court to fashion an appropriate remedy (see generally *Meadow Run Dev. Corp. v Atlantic Ref. & Mktg. Corp.*, 155 AD2d 752, 754).

Entered:  April 28, 2017                        Frances E. Cafarell
                                                Clerk of the Court