Sasscer v Vesey (2022 NY Slip Op 07286)

Sasscer v Vesey

2022 NY Slip Op 07286

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534545
[*1]Maureen Sasscer, Appellant,
v
Jonathan Marshall Vesey et al., Respondents.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Adams Leclair LLP, Rochester (Robert P. Yawman of counsel), for appellant.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Brian Reichenbach of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Rebecca A. Slezak, J.), entered November 12, 2021 in Fulton County, which partially granted defendants' motion for, among other things, summary judgment dismissing the complaint.
This action concerns a land dispute in a subdivision on Canada Lake in the Town of Caroga, Fulton County. The parcels at issue trace back to the early 1900s, when Andrew Peck acquired land known as lots 23, 24 and 25 within the subdivision. The lots run parallel to each other and are divided by a road, now known as Kasson Drive, and the southern portion of each of the lots abuts the shore of the lake. Upon Andrew Peck's death in 1918, title of the lots passed to his wife, Henrietta Peck. Three years later, in June 1921, Henrietta Peck conveyed two parcels of land to George W. Juno and Alice Robson Juno (hereinafter the Junos) that encompassed parts of lots 24 and 25. Parcel No. 1 is described in the deed as an area located south of the public highway, beginning at the shore of the lake. Parcel No. 2, which is the subject of the dispute in this proceeding, is located on the north side of Kasson Drive and, in pertinent part, identifies one of its boundary lines "6 inches westerly from [a] westerly wall" of a garage located on Lot No. 24.
The two parcels were conveyed by the Junos to Ellen Smith in 1944, and Smith's heirs eventually conveyed the property to defendants in 2000.[FN1] Meanwhile, in 1923, Henrietta Peck conveyed the remainder of lot 25 to Jesse M.W. Scott and Lila Mapes Scott (hereinafter the Scotts), specifically excepting the land previously deeded to the Junos. The Scotts later conveyed their property to Clarence De Sales Sasscer and Madeline Rogers Sasscer, and in 2014, the property was ultimately conveyed to plaintiff. In 1938, the Junos granted the Scotts an easement that allowed the Scotts to "pass on foot or by vehicle over and along and through and across" parcel No. 2. In exchange, the Junos were permitted to use the well on the Scotts' property. This easement was to have a duration of 25 years, ending in 1963. While this easement was not renewed, defendants and their predecessors had apparently permitted plaintiff and her predecessors to continue to use parcel No. 2 to access their property.
While the parties' predecessors appear to have accommodated each other with respect to the use and enjoyment of parcel No. 2, the relationship between plaintiff and defendants grew increasingly acrimonious stemming from competing assertions of ownership over the parcel. In 2018, defendants attempted to install a septic tank on parcel No. 2. While the installation was in progress, it was discovered that plaintiff's septic tank and leach field encroached upon parcel No. 2. A stop work order was issued by the Town of Caroga, enjoining defendants from continuing their installation.[FN2] The related proceeding generated more strife between the parties, which later led to defendants erecting a fence on parcel No. 2 in order to prevent [*2]plaintiff from using the driveway.
In January 2020, plaintiff commenced this action against defendants seeking to quiet title to parcel No. 2 under three theories: title by deed, title by adverse possession and title by prescriptive easement. Additionally, plaintiff asserted a declaratory judgment cause of action, as well as causes of action for trespass, wrongful interference with quiet enjoyment, intentional interference with quiet enjoyment and private nuisance. Defendants answered and asserted counterclaims, including a counterclaim for reformation of the deed due to a scrivener's error. Defendants then moved for summary judgment dismissing plaintiff's complaint, summary judgment on their counterclaims and an injunction preventing plaintiff from entering the disputed land. Following oral argument, Supreme Court partially granted defendants' motion, determining, in relevant part, that defendants owned parcel No. 2, and plaintiff's septic tank and leach field constituted a trespass on defendants' property. Further, the court granted defendants' request for injunctive relief and ordered plaintiff to remove said septic tank and leach field from parcel No. 2. Plaintiff appeals.
"It is well settled that a deed must be construed according to the intent of the parties and, further, that a court is to give effect and meaning, to the degree possible, to each and every phrase or part of the deed" (Torpy's Pond & Outdoor Club, Inc. v DuSell, 198 AD3d 1218, 1219 [3d Dept 2021] [internal quotation marks and citations omitted]; see Real Property Law § 240 [3]; Cannon v Hampton, 198 AD3d 1230, 1231 [3d Dept 2021]). However, "where a deed is ambiguous with respect to the description of the property, a party is entitled to demonstrate the grantors' true intent through extrinsic proof" (Eliopoulous v Lake George Land Conservancy, Inc., 50 AD3d 1231, 1232 [3d Dept 2008] [internal quotation marks, brackets and citation omitted]). "The construction of a deed is generally a question of law for the courts to decide" (Mentiply v Foster, 201 AD3d 1051, 1055 [3d Dept 2022]).
At the outset, our review of the 1921 deed reveals an ambiguity in the description of parcel No. 2, which, as written, conveys nothing more than a single line. However, contrary to plaintiff's contention, that fact in and of itself does not render the deed defective, as "[t]he question is not whether there are errors in the description, but whether the land can be identified with reasonable certainty notwithstanding the errors" (Town of Brookhaven v Dinos, 76 AD2d 555, 561 [2d Dept 1980], affd 54 NY2d 911 [1981]). In this respect, "[t]he fact that the exact boundaries are not described in a deed does not make an instrument of conveyance from which the property can be identified void for uncertainty if it is possible by any rule of construction to ascertain what property is being conveyed," and the parties may resort to extrinsic evidence "to identify the property intended and its exact boundaries[*3]" (id. at 562; see Champlain Gas & Oil, LLC v People of the State of New York, 185 AD3d 1192, 1195 [3d Dept 2020]).
On their motion, defendants submitted substantial extrinsic evidence placing parcel No. 2 in the disputed location. Specifically, defendants offered the 1921 deed alongside a survey that was performed days prior to the execution of the deed and subsequently filed with the County Clerk in 1937. The survey reflects that parcel No. 2 was directly across from parcel No. 1, bordering the western wall of a garage that was situated at the western edge of lot 24. Defendants further submitted a 1934 survey prepared by S.J. Costello that locates the parcel consistent with the 1921 survey. Further, defendants submit the 1938 easement from the Junos to the Scotts, which, among other things, granted plaintiff's predecessors egress over the Junos' land as identified in the 1921 deed. Defendants also pointed to an October 2004 correspondence from the Fulton County Real Property Tax Service Agency acknowledging a letter from plaintiff's predecessor indicating that the tax maps had misidentified the location of the property. The letter was accompanied by the 1934 Costello survey and the tax maps on file, with notations indicating that the measurements on the tax maps should be redrawn to reflect the survey. Finally, defendants offered a survey from June 2008 by Ferguson & Foss, professional land surveyors, that defendants commissioned in 2008 and that located the property in the disputed location, referencing several of the landmarks identified in the deed. We note that the aforementioned surveys were on file with the Fulton County Clerk for more than 10 years and carry an inference of their accuracy (see CPLR 4522; Elm Lansing Realty Corp. v Knapp, 192 AD3d 1348, 1351 [3d Dept 2021]; Gholizadeh v Keifer, 66 AD3d 1209, 1211 [3d Dept 2009]; Town of Skaneateles v Lang, 179 AD2d 1032, 1032 [4th Dept 1992]; compare McFarland v Michel, 2 AD3d 1297, 1299 [4th Dept 2003]; Greenberg v Manlon Realty, 43 AD2d 968, 969 [2d Dept 1974]). Accordingly, we find that the foregoing was sufficient to "establish[] defendant[s'] prima facie entitlement to quiet title to the disputed area" and the burden then "shifted to plaintiff to produce competent evidence in admissible form establishing the existence of material issues of fact" (Torpy's Pond & Outdoor Club, Inc. v DuSell, 198 AD3d at 1220-1221 [internal quotation marks, brackets and citation omitted]; see Lavine v Town of Lake Luzerne, 296 AD2d 793, 794 [3d Dept 2002], lv denied 99 NY2d 501 [2002]).
Plaintiff's opposition to defendants' motion is largely predicated on her contention that parcel No. 2 is actually located on lot 24 in between an icehouse and a garage that spans across both lots 23 and 24. However, our review of plaintiff's submissions reveals that her assertion is unsupported. Plaintiff largely relies on affidavits from family members generally recounting that they were told by other family members [*4]over the course of time that the driveway was owned by plaintiff's predecessors. Plaintiff also points to the title abstracts from lots 23, 24 and 25, which she suggests raise an issue of fact concerning the location of parcel No. 2. We disagree. Our review of those documents does not reveal the presence of any compelling evidence contradicting the various surveys, which were included in the abstracts, establishing that parcel No. 2 was located in the disputed location and that the parties and their predecessors had treated it as such. Particularly, we note that the 1938 easement between the Junos and the Scotts reflects that parcel No. 2 was utilized by the parties' predecessors for ingress and egress to plaintiff's property. Such rights would be rendered meaningless if the location plaintiff advocates for were accurate. Moreover, the easement clearly notes that the Juno land directly adjoined the Scott land, which is logical considering the rights granted by the easement. Further supporting our conclusion is the proof concerning the manner in which the neighboring property owners treated the disputed land. To this point, a deed from Ellery and Ferna Willard to William and Alma Edwards conveying the adjoining property to the east of the disputed parcel describes its western border consistent with the location of parcel No. 2 as set forth by defendants. Finally, we note the absence of any professional proof on the part of plaintiff which would place the parcel in the location that she espouses, rendering her assertions to that point speculative and unsupported (see City of Binghamton v T & K Communications Sys., 290 AD2d 797, 799 [3d Dept 2002], lv dismissed 98 NY2d 685 [2002]; Matter of Kings Estates Ltd. Partnership v Town of Chester, 162 AD2d 802, 804 [3d Dept 1990]; see also O'Brien v Town of Huntington, 66 AD3d 160, 166 [2d Dept 2009], lv dismissed 14 NY3d 935 [2010], lv denied 21 NY3d 860 [2013]; Lavine v Town of Lake Luzerne, 296 AD2d at 794; Riggs v Kirschner, 187 AD2d 759, 760 [3d Dept 1992]). As plaintiff has not submitted evidence of the existence of a triable issue of fact, we find that Supreme Court properly granted defendants' motion to the extent of declaring them the owners of the disputed land (see Bergstrom v McChesney, 92 AD3d 1125, 1128 [3d Dept 2012]; Lavine v Town of Lake Luzerne, 296 AD2d at 794; Berman v Golden, 131 AD2d 416, 417 [2d Dept 1987]).
As to plaintiff's contention that the action for deed reformation is barred by the statute of limitations, we find that argument is without merit in light of the timing of this action challenging defendants' possession of parcel No. 2 and defendants' proof establishing that they are the titled owners of that parcel (see Shawangunk Conservancy, Inc. v Fink, 261 AD2d 692, 694-695 [3d Dept 1999]; compare Pulver v Dougherty, 58 AD3d 978, 979 [3d Dept 2009]; compare Green Harbour Homeowners' Assn., Inc. v Ermiger, 50 AD3d 1199, 1200 [3d Dept 2008]). In this respect, the record evidence [*5]establishes that the ambiguity in the deed is the result of a scrivener's error, and it was appropriate for Supreme Court to reform the deed by adding language clarifying the location of the eastern boundary of parcel No. 2 (see Shawangunk Conservancy v Fink, 261 AD2d at 694).
Contrary to plaintiff's contention, we also find that her submission fails to establish the existence of a material issue of fact supporting her cause of action for a prescriptive easement or adverse possession over parcel No. 2 concerning the use of the driveway, as evidence demonstrating the hostility of either her or her predecessors' use of the driveway for the requisite statutory period is lacking (see Taverni v Broderick, 111 AD3d 1197, 1199 [3d Dept 2013]; compare West v Hogan, 88 AD3d 1247, 1249 [4th Dept 2011], affd 19 NY3d 1073 [2012]; Barra v Norfolk S. Ry. Co., 75 AD3d 821, 824-825 [3d Dept 2010]). Plaintiff's remaining causes of action for wrongful interference with quiet enjoyment, trespass and private nuisance were also properly dismissed in light of the determination that defendants own parcel No. 2.
However, we reach a different conclusion with respect to defendants' cause of action for trespass and plaintiff's cause of action for a prescriptive easement concerning the installation and maintenance of plaintiff's septic tank.[FN3] Plaintiff represents in her complaint that the septic system was installed "[a]t least as early as the 1920s." The septic system was ostensibly concealed until 1997, when plaintiff replaced part of the tank. Moreover, a June 2000 letter from defendants' father, the prior owner of the property, to his attorney indicates that he was aware of a septic tank that had been installed too close to the well on plaintiff's land (compare O'Connell v Graves, 70 AD3d 1451, 1452 [4th Dept 2010]). Although the record is sparse on information concerning plaintiff's septic tank, the first indication that defendants sought any information from plaintiff concerning permission for the installation of the septic tank came in September 2018. In this respect, there is evidence suggesting a triable issue of fact as to whether plaintiff can establish that the septic system was installed with defendants' predecessors' knowledge and hostile to their interests. Accordingly, we find that defendants are not entitled to judgment as a matter of law as to whether plaintiff can establish her cause of action for a prescriptive easement in relation to the presence of the septic tank (see Crepin v Fogarty, 59 AD3d 837, 838 [3d Dept 2009]; see also West v Hogan, 88 AD3d at 1249), which will ultimately implicate whether or not the tank constitutes a trespass (see Overocker v Madigan, 113 AD3d 924, 925 [3d Dept 2014]; compare O'Connell v Graves, 70 AD3d at 1452).
Finally, we cannot discern whether Supreme Court properly considered the appropriate factors in determining whether a preliminary injunction was warranted requiring plaintiff to remove the septic tank. "Whether [*6]an injunction should issue depends on all the equities between the parties, with consideration given to factors such as the extent of impairment created by the encroachment, the [nonmoving party's] hardship in removing the encroachment, whether any alternatives would afford more equitable relief, or whether money damages would have been a just and adequate remedy" (Marsh v Hogan, 81 AD3d 1241, 1242-1243 [3d Dept 2011] [internal quotation marks and citations omitted]). In the event that plaintiff cannot establish a prescriptive easement for use and maintenance of the septic tank, proper consideration of these factors would be necessary before the court can grant any injunctive relief.
Plaintiffs' remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment to the extent of dismissing plaintiff's cause of action for a prescriptive easement as to the use and maintenance of the septic system located on the disputed land and granted summary judgment on defendants' counterclaims for trespass and injunctive relief; motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: The property was initially conveyed to defendants and their sister, who thereafter transferred her interest in the property to defendants in 2019.

Footnote 2: In December 2019, defendants challenged the Town's stop work order in a CPLR article 78 proceeding. Supreme Court found that the Town had a sufficient basis to issue the stop work order and dismissed the petition.

Footnote 3: At oral argument, defendants' counsel suggested that Supreme Court had not rendered a determination on defendants' claim for trespass. However, our reading of the decision reveals that the court did indeed decide this issue in favor of defendants.